## Eliza Crissman v. Frederick S. Crissman and others.

*Parol trusts in personal property.* To establish a trust in personal property upon parol evidence, especially after the lapse of considerable time, the evidence must be very clear and satisfactory, and find some support in the surrounding circumstances and in the subsequent conduct of the parties.

*What not sufficient proof of such trust.* Where a wife undertakes to establish such a trust in her husband, for her use and benefit, by transfer from her father of his personal property,—especially when such alleged trustee, although a defendant in such suit, is the main witness for the complainant,—and the evidence discloses that for some time prior to such transfer he had acted as agent for complainant's said father, in the management of such personal property; that there was nothing in the externals of the new arrangement which was inconsistent with a continuance of the same relation; that after such transfer was made, said alleged trustee gave back a receipt, wherein he undertakes to account to complainant's said father, his administrator or assigns, for the mortgages assigned, whenever called upon, and subsequently returned and delivered to said father portions of said property to the value of five thousand dollars, and to the wife of said father, other portions; that upon the death of said father, intestate, he procured himself to be appointed administrator upon the estate, and inventoried the property in question, as pertaining to such estate; that he never mentioned the existence of such trust to his said wife until after he had ascertained, nearly three years after such transfer, that the widow of said deceased was entitled of right to a portion of said property, and to dispose of it by will, and that said widow had so disposed of the same to the other defendants.

*Held,*—That such evidence is insufficient to sustain the alleged trust.

*Heard May 3 and 4.   Decided July 7.*

Appeal in Chancery from Macomb Circuit.

*G. Hubbard* and *Ashley Pond,* for complainant.

*E. F. Mead* and *A. B. Maynard,* for defendants.

23 MICH.—28.

COOLEY, J.

This is a bill to establish a trust in favor of complainant, in certain personal property alleged to have been conveyed by her father, Francis Smith, to the defendant, Frederick S. Crissman, who is her husband, for her use.

The averments in the bill are that the said Francis Smith, becoming aged and feeble in health, was desirous of making a proper disposition of his property, and his wife Dinah Smith, the mother of complainant, having become much weakened in mind and body, so as to be unfit to manage or control property for her own benefit or for the benefit of others, and being so deranged mentally, and childish, and nervous, that it had become impossible to please or satisfy her, the said Francis Smith, without consulting with, and without the knowledge of, his said wife as to the disposition of his personal property, concluded to make the disposition of his whole estate as follows:

His lands and tenements were in due form of law deeded to complainant (his sole child), by deed bearing date December 31, 1863; and his personal property was transferred to said Frederick S. Crissman, in trust, for complainant, to be by him kept at interest, used and preserved as such trustee, for the use and benefit of complainant, and in case any of such property, or the proceeds thereof, should remain after the death of complainant and not disposed of during her life, by her or for her benefit, then the remainder to go to her heirs; that such transfer of personal property was not mentioned or disclosed to said Dinah Smith, or to complainant, for the reason, as alleged by said Francis Smith, that it might create a jealousy on the part of said Dinah towards complainant; she, the said Dinah, being then in a feeble and childish state of mind, and then being unfit and incapable of managing property matters; the said Francis

Smith then and there declaring and stating that the use and proceeds of said farm during the life of the said Dinah Smith (which was reserved for her), would be all she would need and require for her support and maintenance, and it being his, the said Francis Smith's, desire that his estate should be secured to complainant, her heirs and assigns forever.

This is the whole statement of the trust, but the bill proceeds to aver that said Francis Smith died intestate, May 31, 1866, and on August 11, 1866, said Frederick S. Crissman was appointed by the probate court of Macomb county, administrator upon his estate, and took upon himself that trust; that complainant is informed and believes that said Frederick S. Crissman, soon after the transfer of said personal property to him, in trust, without authority of law, returned and delivered to said Francis Smith certain portions thereof, amounting in value to about five thousand dollars; that at or about the time of the death of said Francis Smith, said Frederick S. Crissman, without the consent or knowledge of complainant, and without authority of law, delivered and entrusted to said Dinah Smith a portion of said personal property, for the sole gratification of the said Dinah Smith, under the expectation and belief on the part of said Frederick, that she would preserve and take care of the same during her life, and at her death the same would come to complainant and her heirs; that the said Frederick, further to gratify said Dinah, and without the knowledge or consent of complainant, agreed with said Dinah to employ no attorney and take no counsel in the settlement of said estate; and the said Frederick, being ignorant of his legal responsibility and duty as such trustee, and further expecting to please and gratify said Dinah, made an inventory of all the trust property and proceeds thereof, as the property and effects of the estate of said Francis Smith deceased.

CRISSMAN *v.* CRISSMAN.

The bill further avers that one Elisha S. Day, a nephew of said Dinah (who is made a defendant), intermarried with a daughter of complainant and afterwards, by undue influence, induced said Dinah Smith to make her will, by which, after certain other gifts, said Day and his wife were made residuary legatees of her property; that this will was dated May 4, 1867, and that after making it, said Dinah was and continued to be of weak and unsound mind and memory and was controlled by said Day; that she had, at the time of her death, about four thousand dollars of said personal property in her hands, of which said Day took possession under the pretense that it had been given to him and his wife, or to one of them.

The bill, after other averments that need not be here repeated, prays that the transfer of such personal property so made by said Francis Smith to said Frederick S. Crissman, may be declared to be a legal, equitable and *bona fide* conveyance to said Frederick, in trust for complainant, without power or authority of revocation, and that a re-delivery of said property, or the proceeds thereof, to the said Francis Smith, was without authority of law and contrary to equity, and that a transfer of any of the said trust property to said Dinah Smith and by her to said Day, or to the executors named in her will, was a violation of said trust; and that said Day and such executors may be enjoined from transferring, expending or disposing of any of the money, property or the proceeds thereof so received by them through, and by, said Dinah Smith, or since her death, except as they shall return the same to Frederick S. Crissman, and that said Frederick may be enjoined from in any way, as such administrator of the estate of said Francis Smith, representing, inventorying or accounting with the estate of said Francis for the said property so conveyed to him in trust, as belonging to the said estate, and that complainant may have other and further relief.

CRISSMAN v. CRISSMAN.

For the purposes of a preliminary injunction, this bill was verified by the oath of the defendant, Frederick S. Crissman, who, though one of the parties to be enjoined, appears to have acted in the whole litigation, in concert with complainant, and to have been the witness upon whom she principally relied to establish the trust. The case was heard on pleadings and proofs in the court below and the bill dismissed.

In reviewing the testimony as it appears in the record, we are strongly impressed that if the case were to stand upon the testimony introduced by complainant, it would not establish such a trust as is alleged. So far from there being any reasonable pretense that the arrangement—whatever it was—was to be. kept secret from Dinah Smith, on account of her defective understanding, or for any other reason, the complainant herself appears to have taken testimony to prove that Dinah Smith understood and was satisfied with the arrangement, and there is other very conclusive evidence to the same effect. Nor would complainant's testimony convince us that the trust, if any was created, was to be irrevocable; but, on the contrary, it is clear enough that Francis Smith believed he had a right to withdraw from the hands of Frederick S. Crissman any portion of the property transferred to him, at any time when he saw fit, and that when he did withdraw any, it was not in violation of any trust, but of right. And perhaps, on the ground that complainant's testimony tends to support a different case from that made by the bill, we should be justified in affirming the decree of the court below without examining the record further.

But we are not disposed to place our decision on any technical ground, inasmuch as we think there is no sufficient showing that any trust whatever was ever created. Where a party undertakes to establish a trust upon parol

evidence, especially after a considerable lapse of time, the evidence ought to be very clear and satisfactory, and it ought to find some support in the subsequent conduct of the parties and in the surrounding circumstances. In the case before us, the parol evidence is not clear or satisfactory, and the conduct of the parties and the surrounding circumstances tend to overthrow rather than to support it. It appears that Crissman, before this alleged transfer in trust, had been acting as the agent of Francis Smith in the management of his personal property and the collection of his dues, and there was nothing in the externals of the new arrangement which was inconsistent with a continuance of the same relation. It appears also that after the transfer was made to Crissman, he gave back a receipt in which he undertakes to account to said Francis Smith for the mortgages assigned, or to his administrator or assigns whenever called upon. Crissman testifies that this receipt was given in consequence of the importunities of Mrs. Smith, but this is not very material; the important fact is that it bears strongly against the complainant's case. The justice who drew the deed from Francis Smith to complainant, and also the papers on the transfer of the personal property, was sworn for complainant, but could give but a very imperfect account of the transaction. He remembers Smith saying, " He was doing this for the benefit of Eliza ; " and to the question, " Do you or do you not recollect the fact that there was something said by Smith in regard to his personal property being conveyed in trust ? " he replies, " There was a little something said,—a very little,—but I cannot now remember what it was." Now, Smith at this time was conveying the real property to Eliza, and it is not clear that what he said about " doing this for the benefit of Eliza," did not have exclusive reference to that conveyance; but, if not, the fact that he regarded the

agency of Crissman in his affairs as beneficial to his own interests, might well have induced him to speak of the arrangement as for the benefit of his only child, to whom, as he was already an old man, he would expect his property or a portion of it to pass in a brief period.   And the use of the word "trust" in reference to the personal property, was not at all unnatural or unlikely if he understood it to be held for his own use and subject to his orders.

Crissman testifies more distinctly to a trust declared in favor of his wife.   If he testifies truly, it seems to us matter of astonishment that he did not mention it to his wife for nearly three years; that he should procure himself to be appointed administrator on the estate of his father-in-law on the supposition that all this property belonged to that estate; and that he should inventory it all as pertaining to the estate.   It is incredible that he could have understood in 1863 that the property was put into his hands to hold for his wife, and, without consulting with any one on the subject, could have supposed it his duty in 1866 to inventory it as the property of her father's estate.   We look in vain for any satisfactory explanation of this circumstance, though we think we are not without the means of some insight into the motives which have impelled Crissman and his wife to the course they have taken.   "I had been told," Crissman testifies, "that the old lady could not, in any way, dispose of [the property], and I supposed it was the case."   It was only after it was ascertained that Francis Smith's widow was entitled of right to a portion of his property, and might dispose of it by will, that Crissman advanced to his wife and to the judge of probate this theory of a conveyance to him in trust; a theory wholly inconsistent with all his actions in respect to the property, both before and since the death of Francis Smith, and inconsist-

ent also with the only writing which evidenced any part of the transaction.

This is a most unfortunate family controversy, and we regret the necessity of having to dispose of it; but we are of opinion that the circuit court made the only decree warranted by the law and the evidence, and it must be affirmed with costs.

The other Justices concurred.