ROBERT CUMMINGS, JOHN CUMMINGS, ROBERT H. LANE, AND JOHN M. KENYON v. DAVID R. COREY.

*Will—Executor as trustee and beneficiary—Creditor's bills.*

1. Whether a defendant should be required to answer over, on exceptions, where the disclosure sought is matter of record—Q.

2. Taking a bill as confessed notwithstanding the answer, is equivalent to admitting the truth of the answer, but denying its sufficiency.

3. Wills are to be so construed as to carry out the evident intentions of the testators so long as they are lawful.

4. Any language in a will which indicates that the devisee is to hold the devise, in whole or in part, for the benefit of others, is sufficient to create a trust; and the property is in his hands as a trust fund if the will imposes a duty upon him in respect to it by the performance of which others are to be benefited.

5. The executor of a will may be at once trustee and beneficiary under it.

6. A wife who had a separate estate when she was married, made her husband, who was an insolvent debtor, the executor of her will, in which she provided, after making other bequests, that he should have the *use* of the remainder during his lifetime, and that on his death it was to be divided as directed. It was to be kept invested and no encroachment was to be made upon the principal, except in emergencies. *Held*, that this will created a trust for the husband's benefit, and that he was charged as executor with its execution. And the fund is beyond the reach of a creditor's bill against the husband, as the trust was not created by the defendant. How. Stat. § 6614.

Appeal from Ingham. (Gridley, J.) Nov. 5–6.—Nov. 19.

CREDITOR's bill. Defendant appeals. Reversed.

*L. D. Johnson* and *R. C. Ostrander* for complainant. Where a bequest to a tenant for life is specific, or the intention that he should enjoy the property in its existing state is apparent, he is entitled to such possession and enjoyment even as against the executor: 2 Wms. Ex'rs 1502; Schouler

Ex'rs 250; Hinckley on Testamentary Law 123; *Proctor v. Robinson* 35 Mich. 290; *Sutphen v. Ellis* id. 447; nor does the payment of annuities require the estate to vest in the executor: *Craig v. Hone* 2 Edw. Ch. 554; *Rock River Paper Co. v. Fisk* 47 Mich. 212; property held in trust for the benefit of a judgment debtor might at common law be reached by his creditor by bill in equity regardless of the person from whom the trust fund proceeded: *Hallett v. Thompson* 5 Paige 583; *Hadden v. Spader* 20 Johns. 554; *Hooberry v. Harding* 10 Lea 392; *Turley v. Massengill* 7 Lea 353; *Taylor v. Harwell* 65 Ala. 1; *Jones v. Reese* id. 134; the statutory exception of trusts from the scope of a creditor's bill does not apply where the judgment debtor is the trustee and has a beneficial interest in the trust property: *Leroy v. Rogers* 3 Paige 234; *Degraw v. Clason* 11 Paige 136; *Wetmore v. Truslow* 51 N. Y. 342.

*Edward Cahill* for defendant. The trust created by a will devolves on the executor if no other trustee is named: 1 Perry on Trusts 262; *Pettingill v. Pettingill* 60 Me. 412; *Richardson v. Knight* 69 Me. 385; and persons may be trustees where they are also beneficiaries with others: 1 Perry on Trusts 117; *Chase v. Chase* 2 Allen 101.

SHERWOOD, J. The bill of complaint in this cause is filed by the creditors of the defendant to reach equitable interests in property under his control, and which complainants claim should be applied to the satisfaction of their judgment obtained against him, upon which execution has been issued and returned unsatisfied for want of property out of which to make the same.

For several years prior to the filing of complainants' bill the defendant had been engaged in the mercantile business in the counties of Ingham and Ionia, and about a year before this suit was commenced became insolvent, being indebted several thousand dollars more than he was able to pay. He was at that time married to a widow lady who was the owner of property in her own right to the amount of over $10,000. After the defendant became insolvent his wife died, leaving, besides himself, who was in feeble health, an aged mother. During her last illness, Mrs. Corey made her will (a copy of

which will be found in the margin[1]), and named therein her husband as her executor.

By this will it cannot fail to be observed that the controlling idea of the testatrix was—*first*, to secure and protect her husband, who was then without the means of support, and an infirm old mother, from want and destitution; and *second*, in doing this, to so manage the estate that as much as possible might be saved to be transmitted, after their death, to her other relations named in the will. Notwithstanding the great financial embarrassment under which her husband was laboring at the time the will was made, it appears that his wife had perfect confidence in his ability and integrity, to give him the control and management of her property, and have him execute her will, and carry out the trusts she had created, including that wherein he himself was the beneficiary. After his wife's death the will was probated, and the defendant was appointed her executor, gave the required

---

[1] I, Jennie S. Corey, of Lansing, Ingham county, State of Michigan, do make this my last will and testament: I give to my mother, Lovina Spaulding, during her life-time, the house which she now occupies in the village of Manchester, Mich. I also desire that the sum of one hundred dollars be paid her yearly as long as she may live, and more each year should she need it, as I desire that she may want for nothing so long as there may be anything belonging to me left. And at her death it is my wish that the house and lot be sold, and whatever it may bring be equally divided between my two nieces, Jennie and Clara Annabil. Also that the sum of twenty-five dollars be paid to each of them yearly until their marriage. My piano I give to Mary and Nellie, and should either wish to take the piano on leaving home, let her pay the other for her half. My watch and chain I give to my niece Jennie L. Annabil; also set of corals, plain gold ring, scarlet and black lace shawl. I give my woolen shawl, and all worsted dresses that I may have at my death, to my sister, Nettie C. Annabil, and to my sister and Jennie I leave all books which I may have on side bookcase, and those which that contains I wish to remain here as long as my husband makes this his home, and if at any time he should wish to, and house or his home should be broken up, I wish Mary and Nellie to take what books they would like, and send whatever they do not care to retain to my sister. My garnet silk, and my point-lace, gold bracelets, gold chain, and one gold ring, also one set of silver spoons, I wish my dear little Nellie to have; to Mary I give my best black silk, fur cloak, and sealskin furs, set of cameos, one set of silver spoons, one plain gold ring, with part of point-lace; the remainder of my clothing, whatever it may be, I wish to have divided equally between Mary, Jennie, Nellie, and Clara, giving to each one that which will be of the most service to them; my beds and bedding I wish to remain where they are until my husband may make some change in his home, then I wish to have it equally divided between my two girls, Mary and Nellie, and two nieces, Jennie and Clara Annabil. I wish to be perfectly just in dispos-

bonds, made and returned an inventory of the property of the estate, entered actively upon the discharge of his duties, and has ever since continued in the administration of the trusts assumed.

The complainants by their bill seek to reach the property of the defendant, which it alleges he has concealed or put beyond the reach of an execution, and which consists of that which he annually receives from the estate of his deceased wife under the will, and prays for a discovery, the appointment of a receiver, etc.

The defendant's answer was excepted to for insufficiency, and he made a second answer. This being excepted to for the same reason, it was submitted to the circuit judge, who sustained the exceptions and required the defendant to answer over. This the defendant declined to do, and thereupon the bill was taken as confessed and a receiver was appointed by the court. From this order appointing a receiver the defend-

---

ing of what I may have, and would gladly have remembered my dear brother's children at this present time, but there are good and proper reasons why I should not, and in after years perhaps it will be of more use to them. I have said that I wished to be perfectly just, yet many may question my judgment somewhat in what I am about to do; yet to me it seems perfectly right. As my dear husband, David R. Corey, is in poor health, and is more to me than all the world besides, I wish him to have the use, during his life-time, of the remainder of my property, real and personal, about our home, not hitherto disposed of, including the house we now occupy, and all real estate mortgages which I may have at my death. I earnestly desire and hope that the property may be invested in the same way that it is now, and as I have kept it for many years, and at his death I wish all to be divided equally between my sister Nettie's and brother George's children, and Mary and Nellie. In no case, unless a long sickness should occur, do I wish him to use the principal, as the interest will be ample for all ordinary wants, but should it in any case be necessary for his comfort to use more than the interest, I wish him to do so. I also give him small diamond ring which he now wears, and the one he gave me before our marriage I wish him to give the daughter that marries first. To my dear friend, Mary S. Vandegieft, of Manchester, Mich., I give my gold ear-rings and the gold thimble she gave me on my wedding-day. And I hereby appoint David R. Corey executor of this my last will and testament.

In witness whereof, I hereunto set my hand and seal this 9th day of Dec., 1881.

JENNIE S. COREY.

Signed. sealed, and acknowledged by Jennie S. Corey to be her last will and testament.      MRS. HELEN CRAWFORD.
ANSON L. CRAWFORD.
PELEY G. COREY.

Admitted to probate February 14th, 1882.

58 MICH.—32

ant appeals to this Court for a review of the proceedings, and to obtain a construction of the provisions of the will relating to the bequests therein contained to him and for his use.

The order appealed from takes the bill as confessed for want of answer as to all matters to which the exceptions relate. It appoints a receiver, and directs the defendant to turn over to him the accumulated rents, interest and profits, and all property not exempt from execution, in which the rents, interest and profits may be invested; also, from time to time, all future rents, interest, and profits in excess of the annuity payable to Lovina Spaulding under the will.

The bill is not one in aid of execution. No levy has been made upon any property to which reference is made in the bill. It must be treated as a bill to have complainants' judgment paid out of choses in action or other personal property of the debtor not liable to execution, which in equity should be liable to the payment of his debts.

The second answer makes the will of the testatrix a part thereof, and denies every allegation in the bill tending to show that defendant has property of any kind which he has concealed, or equitable interests which he refuses to disclose, except that which came from his wife's estate. It admits that he is in possession of certain property as executor of her estate, but of this the inventory is on file in the office of the judge of probate, and it could hardly be necessary to come into a court of equity to obtain discovery of the property therein mentioned.

By taking the bill as confessed, notwithstanding the answer, the complainant must be held to admit the statements of the answer to be true, and to deny the sufficiency of the facts stated to make out a defense. These facts, as the record presents them, are: "(1) That defendant is insolvent; that he has no money or other property, real or personal, or things in action, due him, or held in trust for him (except where such trust has been created by, or the fund so held in trust has proceeded from, some person other than defendant). (2) That the only property in his possession or under his control

is that which came into his possession as executor of his late wife's estate under a will ; that he gave bonds as such executor to faithfully administer the trust, and has not yet been discharged. (3) That the income only of this property so in his hands was available for the purpose of paying legacies, and for his own use. (4) That said income did not exceed six hundred dollars per annum, and was barely sufficient for defendant's support, and to pay the minimum sum required to be paid annually to the other beneficiaries."

Under these facts, which we think must be taken as admitted by the complainants, the court, in making the decree he has in this case, must substantially hold that the income to be derived from the estate of Mrs. Corey, without regard to the amount, or whether there is or not more than sufficient for defendant's support, may be taken by defendant's creditors ; and to secure this the estate may be taken out of the hands of the person designated by the testatrix and appointed by the judge of probate, and given over to the custody of a receiver receiving his authority of another jurisdiction.

The complainant's counsel contend that the testatrix intended that, subject to the payment of the annuities, the defendant should have absolute control of the principal and right to dispose of it for his own use, influenced and not restricted by the request in relation to the manner in which it should be invested and his use of it ; and whether this be so or not, the defendant is given at least an unconditional life-estate, charged with the annuities, but one of which (that in favor of Lovina Spaulding) is unexpired, so far as the pleadings disclose ; that this estate is devised directly to him as the legatee thereof, not as executor ; that it is not by reason of his duties as executor that he is entitled to the possession and to receive the rents and profits of the property ; that that right is created, exists and is exercised independent of any such duties, and no words of grant or devise are employed to indicate a purpose that any estate should pass to or vest in the executor, nor is that necessary for the exercise of any of the powers conferred on the executor.

We are not able to agree with this contention of the com-

plainant's counsel, but are clearly of the opinion that under the provisions of the will the property is held by the defendant as executor in trust for himself and others as beneficiaries; *i. e.*, in trust (1) to pay the annuities out of the rents and profits; (2) to pay himself the remainder of the rents and profits; (3) to preserve the principal for those entitled to the remainder estate at his death; and that the trust having been created by, and the funds so held in trust having proceeded from, some person other than the defendant, his interest therein is protected from creditors. The complainants' bill can be regarded as a creditors' bill only, and that brings this case within the exception contained in the statute. See How. Stat. § 6614. Mrs. Corey herself drew the will under consideration. She was not expert in draughting such instruments, but succeeded very well, we think, in writing out her desires and intentions in regard to her property, and it is our duty to construe the instrument in such manner as to carry out those intentions, and not disregard her purposes if they were lawful. *Jones v. Jones* 25 Mich. 401.

When we come to consider the circumstances under which this lady made her will, it seems to us the construction asked for by complainants' counsel, and the one substantially acceded to by the learned circuit judge who made the decree in this case, could never have entered the mind of the testatrix. On the contrary, the effect of such a construction was unquestionably what she wished to avoid. What she sought to do, so far as the will related to her husband, was to secure to him a sufficient amount to support and make him comfortable through life, and place it in such manner that it could not be taken to liquidate her husband's insolvent indebtedness. This was lawful, judicious, kind and commendable. The construction claimed by complainants' counsel would completely defeat the intention of this wife, and the whole object and scope of her will, so far as it relates to her husband, by taking her property thus set apart for him, and placing it in the hands of a stranger, with directions to apply it to the payment of the very indebtedness which it had been her object to escape. Mr. Corey was an invalid at

the time the will was made, and the testatrix knew all about his insolvency, and undoubtedly of his indebtedness, and of his inability to support himself, much less to pay his debts And with the clearly avowed purpose of the testatrix (in consequence of other relatives having a claim upon her bounty) to leave for her husband only enough for his reasonable support, how it could ever have been thought that justice requires that this little sustenance fund should be turned over to the husband's creditors is more than we can conceive. Courts in the name of justice may commit such errors, but neither law nor equity can ever tolerate them.

We are not, in this case, called upon to construe a contract where the minds of several parties must be found to have met and concurred, to give effect to the instrument, but simply to ascertain the intention of Mrs. Corey at the time she made the will in question. In the first instance, the testatrix provided for the support and maintenance of her mother in comfort so long as she should live, and it was the executor's duty to see that that was done ; and, in the language of Mrs. Corey, he was to see to it "that she want for nothing so long as there may be anything belonging to me left." She thus limits her bounty to her mother only by the extent of her property, provided the mother's necessities require it. What that necessity might be was then to her unknown, but she was not afraid to leave it to the discretion of her husband, whose kindness, prudence and affection she had known and tested for years, to ascertain and supply. This watchful care the decree of the court, under the views of complainants' counsel, should, in the event of the husband's neglect to pay his insolvent debts, be turned to the cold indifference of a stranger who occupies his place in the interest of mercenary creditors residing in a foreign state. The humanity of the law will never allow such perversion of its teachings, or the perpetration of such injustice. The testatrix, after providing for her mother and the payment of two small annuities of $25 each to two of her nieces, and making a few other minor bequests to her relatives, says: " As my dear husband, David R. Corey, is in poor health,

and is more to me than all the world besides, I wish him to have the use, during his life-time, of the remainder of my property," etc.  Then follows the injunction to keep the property invested, and the admonition to use only the income, except in case of sickness or necessity, when he could draw on the principal, and giving the remainder after his death to her brother's and sister's children.  This lady's will shows not only consideration and affection, but judgment and discretion.  If she had appointed any other person her executor, we doubt if counsel for complainants or any one else would have ever entertained the idea for a moment that he was any more than a trustee for the beneficiaries under the will.  No particular form of words is necessary to create a trust.  Any language in a will indicating that the donee is to hold the devise or bequest for the benefit of others, in whole or in part, is sufficient ; or when one is charged with a duty respecting it, from the performance of which others are to reap a benefit, the property is in his hands as a trust fund.  1 Perry on Trusts, § 112 ; *Harding v. Glyn* 1 Atk. 469 ; *Pushman v. Filliter* 3 Ves. 7; *Brest v. Offley* 1 Ch. Rep. 246 ; *Moriarty v. Martin* 3 Ir. Ch. 26 ; *Bernard v. Minshull* 1 John. 276 ; *Cook v. Ellington* 6 Jones Eq. 371 ; *Warner v. Bates* 98 Mass. 274.   We think the language of this will creates a trust, and that the execution of the same is devolved upon the executor.  1 Perry on Trusts § 262; *Richardson v. Knight* 69 Me. 285 ; *Pettingill v. Pettingill* 60 Me. 412 ; *Wilson's Estate* 2 Penn. St. 325 ; *Williams v. Conrad* 30 Barb. 524.   There is no legal objection to his being at the same time trustee and beneficiary.  1 Perry on Trusts, § 117 ; *Whiting v. Whiting* 4 Gray 240 ; *Carr v. Living* 28 Beav. 644 ; *Andrews v. Bank of Cape Ann* 3 Allen 313 ; *Chase v. Chase* 2 Allen 101 ; *Loring v. Loring* 100 Mass. 340 ; *Gilbert v. Bennett* 10 Sim. 371.

This case comes clearly within the exception of the statute which permits the filing of the complainant's bill (How. Stat. § 6614), and which was intended to apply to this class of cases.  *Craig v. Hone* 2 Edw. Ch. 569.  The statute was intended for the benefit of the needy and unfortunate, and

its provisions should be made to apply to all cases coming within its spirit, which has always been the rule of this Court. *Alvord v. Lent* 23 Mich. 369. There is no surplus to be looked after or reached in this case. The answer shows, and it is one of the things that must be taken as admitted, that the income is barely sufficient for the payment of the legacies and the defendant's support, but it is impossible for any one to tell what amount of either principal or interest, or of both, may yet be required for the support of the defendant and testatrix's mother, and the whole estate is in trust for both of those purposes. It is difficult to see how this question can be determined before the decease of these beneficiaries, and then whatever there may be will pass to the other legatees entitled thereto under the will.

The decree of the circuit judge must be reversed with costs.

The other Justices concurred.