## PRICE v. DAWSON.

DEBTOR AND CREDITOR—TRUSTS—EVIDENCE.

The finding of the circuit judge that a sum of money advanced by complainant to defendant constitutes a loan at a stipulated rate of interest will not be reversed, and a trust declared as to the fund, because defendant unreasonably refuses to pay or secure the claim, and the transaction, under the circumstances, works a hardship upon the lender.

Appeal from Wayne; Carpenter, J. Submitted October 23, 1896. Decided December 24, 1896.

Bill by Abby Price against George Henry Dawson and Josephine M. Dawson to enforce an alleged trust. From a decree dismissing the bill, complainant appeals. Affirmed.

*Moore & Moore*, for complainant.

*George W. Coomer* and *William F. Atkinson*, for defendants.

MONTGOMERY, J. The complainant filed a bill to enforce an alleged trust. The bill sets up that, in the winter of 1891 and 1892, defendant Josephine represented to complainant that she could invest money in Michigan at a rate of interest exceeding 5 per cent. semi-annually, and solicited complainant to intrust to her some of complainant's money for that purpose; and that she did intrust $2,500 to her in March, to be invested in complainant's name, and upon the understanding that the excess of interest received over 5 per cent. should compensate defendant Josephine for her services. The bill also alleges that, subsequently, the further sum of $1,000 was intrusted to defendant Josephine under a like arrangement. The claim as to the $1,000 is no longer in contro-

versy, it having been adjusted between the parties. The answer denies that the $2,500 was received in trust, and avers that the same was a gift to the defendant Josephine upon the agreement that she should pay to complainant 5 per cent. semi-annually, during her lifetime, on the amount.

Complainant is a resident of New York, is a woman well along in years, and has been, during her life, engaged as a sewing woman, either employed in families or working by the day. Her acquaintance with the defendant evidently arose in this way, and there were kindly relations between the parties, and it undoubtedly results from these relations that the money was intrusted to the defendant. The complainant's testimony tends to show that defendant Josephine wrote to her sister, requesting that this money be sent to Wyandotte, to her. The complainant's own testimony is very indefinite as to what the arrangement was, although she testifies, in answer to a question, "Didn't you hear from her that she was building a home?" as follows:

"She wrote for the money—to know if I would not lend her the money—to build a home, and I trusted her with the money. At least, she didn't write to me. She wrote to her sister. * * *

" Q. Well, at the time the money was sent on, was it understood that she was going to build a home for herself?

" A. Yes, sir.

" Q. And she was wanting to borrow this money to put in her home?

" A. Yes, sir.

" Q. She was to allow you 5 per cent. on it?

" A. Yes, sir."

There are other portions of her testimony which show that she trusted to the honor of defendant, and which are, perhaps, open to the construction that she did not intend the advance as a loan. But there was introduced in evidence a letter sent complainant by the defendant Josephine, without date, but which is stated in the record

to have been probably written in February, 1892, which reads as follows:

"This morning's mail brought us word that you were willing to lend us $2,500 at 5 per cent., and George and I thank you a thousand times. * * * Write to me soon, and let me know when we can have the money, as we want to secure lots."

The money was sent forward after this, and invested in a home, taken in the name of defendant George Henry Dawson. The testimony tends strongly to show that defendants have unreasonably refused to make payment of complainant's claim or to secure it. These facts are not inconsistent with an intention on the part of complainant in the outset to extend credit; and, while the case is a hard one in some of its aspects, we are not able to say on the whole record that the alleged trust relation is established as to the $2,500 in controversy. The circuit judge, who heard the testimony in open court, reached the conclusion that the advance was intended as a loan, and in this opinion we concur.

The decree dismissing the bill without prejudice will be affirmed.

The other Justices concurred.