## FROST *v.* FROST.

EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW—DEBTOR AND
CREDITOR.

> Equity has jurisdiction to require an accounting as of a trust
> fund of money received for the purchase price of land, which
> fund complainant, an aged woman, transferred to her son in
> trust, in consideration of the payment of interest during her
> life, and on complainant's death to belong absolutely to the
> son, where she had previously intended to create a similar
> trust in the land, and the son had agreed to a sale of it, if she
> would turn over the proceeds under said arrangement.

Appeal from Isabella; Dodds, J. Submitted April 6,
1911. (Docket No. 24.) Decided May 8, 1911.

Bill by Nancy Frost against Edward Samuel Frost for
an accounting. From a decree overruling a demurrer to
the bill, defendant appeals. Affirmed.

*F. H. Dusenbury* (*F. McNamara*, of counsel), for
complainant.

*Charles T. Russell* and *F. M. Burwash*, for defend-
ant.

MOORE, J. The bill of complaint, after the formal
part, avers in substance that complainant was the owner
of certain village real estate, and that it was her intention
to bequeath said real estate to her son at her death, she to
receive all of the rents and profits therefrom during her
lifetime. That she informed her son, the defendant, of
her intention, and that it had his approval; that later, at
his solicitation, she sold said real estate for $500.

"All of which money, to wit, $500, she then and there
delivered and turned over to defendant, Edward Samuel
Frost, to be held, handled, and used by him during the
lifetime of complainant under the following understand-

ing and agreement, then and there made and agreed upon by and between complainant and defendant; that is to say: That if complainant, instead of waiting until her death to transfer and turn over to defendant said property, as was her expressed intention, would then and there sell said property for cash, and surrender and turn over such cash so received by complainant as purchase money to defendant, that in consideration therefor, and also in consideration of the loss to her of the rents and profits which would otherwise accrue to and be received by complainant from said property, he, the said Edward Samuel Frost, would pay or cause to be paid to complainant, interest upon said money so received from the sale of said place, to wit, $500, at the rate of 5 per cent. per annum during her life, and that at her death the said $500 would belong absolutely to defendant, Edward Samuel Frost.

"*Fourth.* Complainant shows and avers that by reason of the premises a trust was created in certain personal property, to wit, $500 money, and its interests and profits; that said defendant, Edward Samuel Frost, is the trustee under said agreement, and that he has since, to wit, May 9, A. D. 1903, and still does hold, the sum of $500 in a trust fund, the interest upon which fund so held, at 5 per cent per annum, complainant, as the *cestui que trust*, is now entitled to.

"*Fifth.* Complainant further shows that, notwithstanding the premises, and although she has repeatedly demanded that defendant carry out and execute the said trust in accordance with the terms, understanding, and agreement, whereby said trust was created, as stated in the premises, yet the defendant has, nevertheless, conspiring and intending to injure complainant and defraud her out of her rights under said trust and the property and profits covered thereby, utterly refused and still refuses to pay or cause to be paid to complainant the sum or sums of money, or any part thereof, now due and belonging to complainant by and under said trust agreement. Complainant shows that there is now due to her from said trustee, by reason of said trust, more than the sum of $100, as interest thereo n and also the sum of $500, as principal, under said trust."

Forasmuch, therefore, as complainant is without remedy, save in a court of equity, she prayed for process, for an accounting, for a termination of said trust, and for

general relief. The defendant demurred to the bill of complaint; the important reason being that complainant has a complete and adequate remedy at law. The demurrer was overruled. The case is brought here by appeal.

The instant case is unlike *Price* v. *Dawson,* 111 Mich. 279 (69 N. W. 650), where the court found, as a matter of fact, that the transaction was a loan.

In *Leland* v. *Collver,* 34 Mich. 418, Justice CAMPBELL, speaking for the court, said in part:

"Cases are not rare in which tenants of lands have been compelled to perform their stipulations to leave certain live stock or other property on the estate at the end of their leases. And trusts in personal property are of everyday occurrence, in which the specific property is constantly changing, while the fund remains subject to the duties and burdens of the trust.   *   *   *

"If the mortgage had not authorized sales, and the property had been sold notwithstanding, a court of equity would find no difficulty in pursuing the trust fund, so long as it could be identified, into the property wherein it had become reinvested, and it pursues this course because the new property is regarded as belonging to the trust as effectually as the old. And this pursuit of trust funds is not confined in all cases to the possession of the original wrongdoer."

In *O'Neil* v. *Greenwood,* 106 Mich. 572 (64 N. W. 511), Justice McGRATH, speaking for the court, said:

"It is insisted that the gift was incomplete, and that the existence of the bill of sale is inconsistent with an intention to create a trust. The creation of a trust does not depend upon the use of a particular form of words, but it may be inferred from the facts and circumstances of the case. *Crissman* v. *Crissman,* 23 Mich. 217; *Ellis* v. *Secor,* 31 Mich. 185 (18 Am. Rep. 178); *Miller* v. *Aldrich,* 31 Mich. 408; *Leland* v. *Collver,* 34 Mich. 418; *Huxley* v. *Rice,* 40 Mich. 73; *Cummings* v. *Corey,* 58 Mich. 494 (25 N. W. 481); *Chadwick* v. *Chadwick,* 59 Mich. 87 (26 N. W. 288); *Beaver* v. *Beaver,* 117 N. Y. 421, 428 (22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531). In the last case cited, it is said:

" ' To constitute a trust, there must be either an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created.'

" 'The character of the transaction is to be determined, not alone from the bills of sale, but from all the facts and circumstances connected with the transaction. A bill of sale is not essential, as a declaration of trust is sufficient, of itself, to transfer the equitable title. Nor is its existence inconsistent with the intention to create a trust, where it appears to have been intended to operate as a conveyance of the legal title after full performance of the trust. A holding in trust involves possession, control, dominion, reinvestment, and the legal title. In order to create a trust in the donor, a mere intention or promise to give *in futuro* is insufficient. There must be an act, or series of acts, which divest the donor of the equitable ownership, and vest such ownership in the donee."

In volume 8, Words and Phrases, at page 7120, the following language occurs:

" Mr. Justice Swayne, in *Seymour* v. *Freer*, 75 U. S. (8 Wall.) 202, defined a trust as—

" ' Where there are rights, titles, and interests in property distinct from the legal ownership. In such cases the legal title, in the eye of the law, carries with it to the holder absolute dominion, but behind it lie beneficial rights and interests in the same property belonging to another. These rights, to the extent to which they exist, are a charge upon the property, and constitute an equity which a court of equity will protect and enforce, whenever its aid for that purpose is invoked.'

" *Crosby* v. *Cotton*, 5 Tex. Civ. App. 583 (24 S. W. 343, 347)."

At page 7128 of the same volume, the following language appears:

" In the case of *Kane* v. *Bloodgood*, 7 Johns. Ch. [N. Y.] 90 (11 Am. Dec. 417), Chancellor Kent said:

" ' Every person who receives money to be paid to another or to be applied to a particular purpose, to which he does not apply it, is a trustee, and may be sued, either at law for money had and received, or in equity as a trustee for a breach of trust.'

" *Brown* v. *Maplewood Cemetery Ass'n*, 85 Minn. 498

(89 N. W. 872, 878) (citing *Taylor* v. *Benham,* 46 U. S. [5 How.] 233); *Warner* v. *McMullin,* 131 Pa. 370 (18 Atl. 1056, 1058); *Brown* v. *Brown,* 83 Hun (N. Y.), 160 (31 N. Y. Supp. 650, 652)."

The case of *Bogie* v. *Bogie,* 41 Wis. 209, is in point.

It goes without saying that the demurrer admits the truth of the averments of the bill of complaint. We think the bill states the creation of a trust fund, the existence of a trustee, and a failure on his part to properly administer the fund.

The decree is affirmed, with costs.

OSTRANDER, C. J., and BIRD, HOOKER, and Mc-ALVAY, JJ., concurred.