KRATZ v. STORZ' ESTATE.

EXECUTORS AND ADMINISTRATORS—CLAIM AGAINST DECEASED SISTER'S ESTATE—CONTRACTS.

Claim against estate of deceased sister for services rendered to her in her lifetime was properly disallowed, where evidence was insufficient to establish contract to pay therefor.

Appeal from Wayne; Campbell (Allan), J. Submitted January 14, 1932. (Docket No. 145, Calendar No. 36,234.) Decided March 2, 1932.

Josephine Kratz presented her claim against the estate of Margaret Storz for personal services.

From disallowance by commissioners on claims, plaintiff appealed to the circuit court. Judgment *non obstante veredicto* for defendant. Plaintiff appeals. Affirmed.

*Lynch & Hinks,* for plaintiff.

*Barbour & Martin (Henry C. L. Forler,* of counsel), for defendant.

POTTER, J. Plaintiff presented a claim for services against the estate of her sister, Margaret Storz, deceased, for $1,845. This claim was disallowed by commissioners on claims appointed by the probate court, an appeal taken to the circuit court, where the jury rendered a verdict for claimant for $1,042. Defendant made a motion for judgment *non obstante veredicto,* and judgment for defendant was rendered. A motion for a new trial was made and denied. Plaintiff appeals. The trial court, in rendering a judgment of no cause of action *non obstante veredicto,* rendered an opinion which so clearly states the facts and applicable rule of law that we adopt it as the opinion of the court.

"The facts in this case disclose that the claimant was the sister of the deceased against whose estate she has presented this claim. The claim is carefully itemized and embraces all Sundays, all the Mondays, and all the Tuesdays for a period of about two and a half years, beginning in October, 1922, and extending, with one break, until June, 1925.

"Thereafter there appears to be a charge for services in 1926.

"The deceased died September 26, 1930, and during the last three years of her life she seems to have been estranged from the claimant, and certain other sisters, and to have become increasingly fond of a

niece. Practically the entire adult family of sisters gave some testimony in support of the plaintiff's claim, including even the mother of the niece, who really is the adverse party in interest, because it was discovered after the death of Mrs. Storz that she had practically left all her property to the niece, to the exclusion of the adult sister.

"There was testimony indicating that Mrs. Storz was appreciative of what the plaintiff did for her. There was also testimony that various services in connection with the little store operated by Mrs. Storz were performed by the plaintiff. The strongest testimony with regard to the contract was given by Miss Smith, who herself was one of the sisters, and who had another claim of practically the same general nature as the claim in the suit at bar.

"Miss Smith testified as to what the deceased had said, 'That is exactly what she said, "You girls won't be sorry; I will see that you are taken care of."'

"There is other testimony given by Mrs. Schrage, which was somewhat more explicit, but it does not appear that that statement of the deceased was made in the presence of the claimant, so it does not seem to the court to have a strictly contractual relation, though it might be of weight in deciding whether or not a contract existed.

"The court is of the opinion that the testimony of Miss Smith is not sufficient, under all the surrounding circumstances here, to give rise to a contractual right which a jury may pass upon. It seems to me that this is an expression of good will and family loyalty and gratitude, but that was not intended to be a promise to pay for services. Many things contribute to the court's impression, notably, that no account was ever kept of the time spent or the services rendered by the plaintiff, two, that no mention of her claim was ever made by the claimant in the lifetime of the deceased, covering a period of some three years after the active services had ceased,

three, that the size of the claim in and of itself would have constituted a great burden upon a store of such small magnitude as this. For all these reasons the court is constrained to grant the motion to the defendant and direct the entry of judgment *non obstante veredicto.*"

We are satisfied that the trial court arrived at a correct conclusion. The judgment of the trial court is affirmed, with costs.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.