*In re* LANE'S ESTATE.

LANE *v.* LANE.

1. EXECUTORS AND ADMINISTRATORS — CLAIM AGAINST DECEASED MOTHER'S ESTATE—CONTRACTS—TRUSTS—EVIDENCE.

In proceeding by administratrix of son's estate against estate of deceased mother to collect sum alleged to have been held by her for his benefit, trial court properly set aside verdict for plaintiff upon proper and seasonable motion where testimony was neither sufficient nor explicit enough to establish either a contractual or trust relationship.

2. SAME—CLAIMS MUST BE PROVED.

Claims against estates of deceased persons must be proved by claimants and judicially found.

3. EVIDENCE—CONTRACTS.

Evidence to establish a contract must show something more than a mere possibility, guess or conjecture as a court has to decide upon the evidence and not guess in default of it.

4. EXECUTORS AND ADMINISTRATORS — CLAIMS AGAINST ESTATES — BURDEN OF PROOF.

In proceeding by administratrix of son's estate against estate of deceased mother to collect sum alleged to have been held by her for his benefit, burden was upon claimant estate to show either the existence of a debtor and creditor relationship between the two estates or to prove the existence of a trust wherein the mother was the trustee and the son the beneficiary.

5. TRUSTS—PAROL EVIDENCE—CORROBORATION.

To establish a trust in personal property upon parol evidence, especially after the lapse of considerable time, the evidence must be very clear and satisfactory and find some support in the surrounding circumstances and in the subsequent conduct of the parties.

Appeal from Wayne; Moll (Lester S.), J. Submitted June 10, 1937. (Docket No. 67, Calendar No. 39,253.) Decided September 1, 1937.

In the matter of the estate of Jane Lane, deceased. Cora Lane, special administratrix of the estate of Edward J. Lane, deceased, filed her claim. Claim disallowed by commissioners on claims. Plaintiff appealed to circuit court. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Zaio A. Woodford* and *Harold W. Geddes,* for plaintiff.

*Kurth & Kurth,* for defendant.

BUSHNELL, J. The record in this appeal by Cora Lane, special administratrix with general powers of the estate of Edward J. Lane, deceased, as claimant against the estate of Jane Lane, deceased, from the entry of a judgment *non obstante veredicto,* contains a "stipulation and statement of agreed facts" which we quote:

"That Cora Lane, the widow of Edward Lane, deceased, and special administratrix of his estate, has filed a claim against the estate of Jane Lane, deceased, the claim being for an amount allegedly held by the said Jane Lane, during her lifetime for Edward Lane, and to be returned to him, when marital difficulties between Cora Lane and Edward Lane had been cleared up.

"Jane Lane was the mother of Edward Lane and the mother-in-law of Cora Lane. That Cora Lane and Jane Lane had left Detroit for a visit to California around Christmas time of 1930, and during the months of January and February of 1931. During Jane Lane's stay in California, Cora Lane had

kept up correspondence with the family at home for Jane Lane. While in California, Jane Lane became acquainted with one Ralph Steele of Toledo, Ohio, staying at that time in Hollywood, and had conversed with him about having some money of Edward Lane's that she was holding until family troubles had cleared up, although no amount was stated. After a visit for a few months, Cora Lane and Jane Lane returned to Detroit. John W. Draper testified that Mrs. Jane Lane had remarked that she had $1,000 belonging to Edward Lane, and now that he was dead, she, Jane Lane, would give it to Cora Lane. Margaret Draper, the wife of John W. Draper, testified that Jane Lane had remarked that now that Edward Lane had died, the $1,000 that she, Jane Lane, owed Edward Lane, would go to Cora Lane. That her son Albert Lane had her bank book, but she would see that Cora Lane got it. That she, Jane Lane, knew that Albert Lane would do the right thing. Margaret Draper is the sister of Cora Lane and John W. Draper, a brother-in-law of Cora Lane. They both being interested parties.

"Margaret Draper relates that Jane Lane offered this amount to Edward Lane two months before his death, and he had told her to keep it for him as he did not need it just then. The above testimony produced was the result of conversations had at the time of Cora and Edward Lane, the night of Edward Lane's death. Counsel for the estate of Jane Lane, deceased, did not offer any testimony to rebut that produced by Cora Lane, and at no time offered any testimony in behalf of the estate of Jane Lane."

The trial judge filed a written opinion in which he reviewed the testimony and concluded "that the verdict of the jury was contrary to the weight of the evidence and that there was no evidence to establish a debtor and creditor relationship between the estates of mother and son."

Appellant says the unrebutted testimony made out a cause of action sufficient to sustain the verdict of the jury and that Jane Lane recognized that a trust relationship existed for the amount in question between herself and her son Edward and considered this trust as an obligation to be discharged by her at the time of her son's death; all of which is denied by appellee.

Appellant relies upon the well-established rule that the jury and not the court is the trier of the facts and that the trial court should not have invaded the jury's province unless the testimony overwhelmingly shows that the estate of Edward J. Lane should not recover, and argues that if viewed in its most favorable light, the undisputed facts presented by plaintiff fully justify the verdict of the jury.

It, however, was the duty of the court to set aside the verdict of the jury upon a proper and seasonable motion where the testimony was neither sufficient nor explicit enough to establish either a contractual or trust relationship under the circumstances of the case. *Kratz* v. *Storz' Estate,* 257 Mich. 346.

"Claims against the estates of deceased persons must be proved by the claimants, and judicially found." *Caswell* v. *Stearns,* 257 Mich. 461.

"Evidence to establish a contract must show something more than a mere possibility, guess or conjecture. The court is to decide upon the evidence and not guess in default of evidence. *Marquette County* v. *Ward,* 50 Mich. 174." *McInerney* v. *Detroit Trust Co.,* 279 Mich. 42, 49.

We have frequently discussed the danger in this sort of cases of relying upon the admissions of deceased persons. See *Wild* v. *Wild,* 266 Mich. 570;

*Hope* v. *Detroit Trust Co.,* 275 Mich. 213, and *McInerney* v. *Detroit Trust Co., supra.*

The burden was upon the claimant estate to show either the existence of a debtor and creditor relationship between the two estates or to prove the existence of a trust wherein Jane Lane was the trustee and Edward Lane the beneficiary.

To establish a trust in personal property upon parol evidence, especially after the lapse of considerable time, the evidence must be very clear and satisfactory and find some support in the surrounding circumstances and in the subsequent conduct of the parties. *Crissman* v. *Crissman,* 23 Mich. 217.

The proofs fall short of those necessary to establish either a trust or a debtor-creditor relationship, and the judgment for defendant is affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER. JJ.. concurred.