FORNELL v FORNELL EQUIPMENT, INC.

1. GUARDIAN AND WARD—SPENDTHRIFT GUARDIANSHIP—PROBATE
   COURT—STATUTES—CREDITORS OF WARD.

   A spendthrift guardianship is created by a probate court under a
   statute and under such a guardianship, all of the assets of the
   ward come under the control of the guardian; the ward is
   legally unable to dispose of, pledge, or assign any of his assets
   and creditors may not reach his assets, except through allow-
   ance of claims by the probate court (MCLA 703.1[3]).

2. TRUSTS—SPENDTHRIFT TRUST—SPENDTHRIFT GUARDIANSHIP—DEBTS
   OF BENEFICIARY.

   A spendthrift trust is quite a different thing than a spendthrift
   guardianship; in a broad sense, a spendthrift, support, or other
   similarly protective trust is one created to provide a fund for
   the maintenance of the beneficiary and at the same time to
   secure it against his improvidence or incapacity and in a
   narrower and more technical sense, a spendthrift trust is one
   that restrains either the voluntary or involuntary alienation by
   a beneficiary of his interest in the trust or bars such interest
   from seizure in satisfaction of his debts.

3. TRUSTS—SPENDTHRIFT TRUST—CREDITORS OF BENEFICIARY.

   Spendthrift trusts are upheld on the theory that the donor of the
   trust has the right to give his property on any condition he sees
   fit, and the beneficiary's creditors cannot complain that the

REFERENCES FOR POINTS IN HEADNOTES

[1] 54 Am Jur, Trusts § 152.
   Federal Civil Procedure Rule 17(c), relating to representation of
   infants or incompetent persons, 68 ALR2d 752.
[2] 54 Am Jur, Trusts §§ 148, 162, 163.
[3] 54 Am Jur, Trusts §§ 169–172.
[4] 54 Am Jur, Trusts §§ 149, 155, 166.
[5] 54 Am Jur, Trusts §§ 158–160.
   Validity of spendthrift trusts, 138 ALR 1319.
[6] 54 Am Jur, Trusts §§ 151, 156, 179–183.
[7] 54 Am Jur, Trusts §§ 32, 93, 94.
[8, 9] 54 Am Jur, Trusts § 70 *et seq.*

settlor did not give his bounty to them; it is not requisite to the creation or validity of a spendthrift trust that the beneficiary be in fact a spendthrift.

4. TRUSTS—SPENDTHRIFT TRUST—PUBLIC POLICY—CREDITORS—
   TRUSTEE—DISCRETION.

   A person cannot create a true spendthrift trust for himself because public policy does not permit a man to place his own assets beyond the reach of his creditors; but a settlor is not precluded from transferring his own property in trust to protect himself against his own improvidence; such a trust is binding on him except insofar as it is within his power to alien or encumber it with debts, and will not be set aside as improvident because of the broadness of the discretion given to the trustee and because it is irrevocable, where its general purpose is wise and proper.

5. COURTS—CIRCUIT COURTS—JURISDICTION—SPENDTHRIFT—GUARDIAN
   AND WARD—STATUTES—PROBATE CODE.

   A circuit court was without subject-matter jurisdiction to adjudge a person to be a spendthrift and appoint a guardian for such person because no judicial power exists to make a determination that one is a spendthrift, outside of the specific provisions of the Probate Code; the power, to the extent it exists, exists solely on the basis of the statutory grant of authority, and any deviation from the procedure mandated by the statute cannot be tolerated (MCLA 703.1[3]).

6. TRUSTS—CESTUI QUE TRUST—TRUST ASSETS.

   A *cestui que trust* has no legal power to dispose of the assets which have been conveyed to the trustee and that fact is not to be confused with any attempt to restrain the beneficiary's power of alienation over his beneficial interest.

7. TRUSTS—CONVEYANCE—RES—AFTER ACQUIRED ASSETS.

   Language of judgment purporting to vest a trustee with assets of the plaintiff acquired after the date of the consent judgment was ineffectual because a conveyance in trust must operate upon an identifiable res; but the fact that the judgment was ineffective to convey to the trustee after acquired property does not prevent the judgment from being effective with respect to property held or owned by the plaintiff and capable of being identified, including the further right to receive dividends, royalties, and the like, where the source of such funds are capable of being identified.

8. Trusts—Revocability—Settlor's Intent—Equity—Termination
   of Trust.

   Ordinarily, revocability of a trust is a question of the intent of
   the settlor and it is within the power of a court of equity to
   decree a termination of a trust where the purpose for which it
   was created is fulfilled and all of the parties owning the entire
   beneficial interest are in agreement that the trust be dissolved.

9. Trusts—Revocability—Settlors—Beneficiaries—Consideration
   —Compromise and Settlement—Judgment.

   Trust created by consent judgment was not intended to be revoca-
   ble without the concurrence of the defendants in that cause,
   who were neither the settlors nor the beneficiaries, where a
   consent judgment was entered as an amicable disposition of
   litigation then pending in the circuit court, it was based upon
   the stipulation of the parties and agreed to by all concerned,
   and there was a valuable consideration flowing to the settlor in
   exchange for the creation of the trust.

Appeal from Court of Appeals, Division 1, Lesin-
ski, C. J., and J. H. Gillis and Quinn, JJ., reversing
and remanding Wayne, Joseph G. Rashid, J. Sub-
mitted June 5, 1973. (No. 11 June Term 1973,
Docket No. 54,216.) Decided December 18, 1973.
Rehearing denied February 21, 1974.

39 Mich App 709 reversed.

Complaint by Bertil S. Fornell against Fornell
Equipment, Inc. for an injunction to prohibit de-
fendant from holding a shareholder's meeting.
Nancy U. Fornell added as a party plaintiff and
Richard G. Lowe and Margit F. Lowe added as
parties defendant. Injunction denied. Counterclaim
by defendants for declaratory judgment alleging
Bertil S. Fornell to be a spendthrift and praying
that a spendthrift trust be set up for the benefit of
plaintiffs and their two children. Consent judg-
ment and consent amendment thereto declaring
Bertil S. Fornell to be a spendthrift and appoint-
ing a bank as trustee of the assets of Bertil S.
Fornell. Motion by Bertil S. Fornell to vacate the

judgments denied. Bertil S. Fornell appealed to the Court of Appeals. Reversed and remanded. Defendants appeal. Reversed and remanded to circuit court.

*Robert S. Wisok,* for plaintiff Bertil S. Fornell.

*Wurzer, Higgins & Starrs* (by *Robert A. Macdonell),* attorney for defendants.

T. E. BRENNAN, J.

## THE CASE

This action seeks to set aside a consent judgment entered in circuit court. The consent judgment, an amendment thereto, and the stipulation upon which the judgment was based, are set out in full as an appendix to this opinion.

## THE FACTS

The facts are well distilled in the opinion of the Court of Appeals. They are repeated here in the language of the opinion below. However, in four important places, we have used italics to emphasize certain statements by the Court of Appeals. They will be discussed later.

"Plaintiff Bertil S. Fornell initiated litigation on May 19, 1965, in Wayne County Circuit Court, seeking a temporary restraining order prohibiting defendant Fornell Equipment, Inc. from holding a shareholder's meeting. From this suit springs the instant appeal.

"Bertil and his wife, Nancy U. Fornell, owned 105 of the 250 outstanding shares of defendant corporation's stock. Bertil's sister, Margit E. Lowe, and Margit's husband, Richard G. Lowe, were the owners of 111 shares of stock in defendant corporation. The remaining 34 shares of stock had been held by David E. Fornell,

the deceased father of Bertil and Margit, and were involved in a probate contest in Wayne County Probate Court at that time. Acting on plaintiff Bertil's motion, Judge Lila M. Neuenfelt granted the requested temporary restraining order, and ordered defendant corporation to appear and show cause why a preliminary injunction should not be issued.

"On June 8, 1965, Judge Neuenfelt ordered Nancy U. Fornell added to the cause as a party plaintiff, and Richard G. and Margit E. Lowe added as parties defendant. Following a hearing on June 25, 1965, Judge Neuenfelt declined to issue the preliminary injunction and dissolved the temporary restraining order.

"Subsequently, on November 12, 1965, defendants Fornell Equipment, Inc., Margit, and Richard filed a supplemental answer and counter-complaint, petitioning for a declaratory judgment. In this pleading for the first time defendants alleged 'that plaintiff Bertil S. Fornell is a spendthrift.' Among other requested relief, *defendants asked that Bertil S. Fornell be declared a spendthrift and that a spendthrift guardianship be created for the benefit of Bertil, his wife Nancy, and their child.*

"Without any hearing on the *allegation that Bertil was a spendthrift,* by consent of all the parties a declaratory judgment was entered on March 2, 1966, by Judge Joseph G. Rashid, sitting in the place of absent Judge Neuenfelt.

"Paragraph four of the declaratory judgment reads, in part:

" 'It is further ordered, adjudged and decreed that plaintiff Bertil S. Fornell *is a spendthrift within the meaning of that term as it is used in the statutes of the State of Michigan relating to conserving the property of spendthrifts,* and in order to preserve the property of said plaintiff for the benefit of said plaintiff himself, his daughter Kristin Fornell, and plaintiff Nancy U. Fornell, his wife, it is further ordered and adjudged that City National Bank of Detroit, a national banking association, be and it is hereby appointed Trustee of all the assets of Bertil S. Fornell of every kind and nature

presently held by him or hereinafter acquired by and for him.'

"Paragraph five of the declaratory judgment added the following language:

" 'It is further ordered and decreed that City National Bank of Detroit, a national banking association as trustee of the assets of plaintiff, Bertil S. Fornell, is hereby vested with all the powers and duties of a statutory guardian for a spendthrift under the laws of the State of Michigan.'

"Under the terms of the declaratory judgment, Nancy was to receive two-thirds of the income from this spendthrift account, for the benefit of herself and Kristin, while one-third of the income was to go to Bertil.

"Over two years later, Nancy moved to amend the terms of the declaratory judgment. During that time, she had been granted a divorce from Bertil. The judgment of divorce, entered by Judge Philip Pratt of the Oakland County Circuit Court on February 26, 1968, utilized the spendthrift account created by declaratory judgment to effect the division of property and income between the parties in the divorce action, subject to the approval of Judge Rashid. In accordance with the terms of the divorce decree, Judge Rashid then approved Nancy's motion to amend the declaratory judgment on November 22, 1968. The amendment in relevant part provided that the spendthrift 'trust' was to endure for the lifetime of Bertil or until July 1, 1974, whichever should later occur, and that the income was to be divided into thirds, with Bertil, Nancy, and their daughter, Kristin, each receiving one-third every month. This 1968 amendment to the 1966 declaratory judgment was also entered with the consent of the parties.

"Then, on May 29, 1969, plaintiff Bertil moved to have vacated the declaratory judgment and amended declaratory judgment, and to have terminated the *spendthrift guardianship.* Thereafter, upon consent of the parties and pursuant to a prior order of Oakland County Circuit Judge Pratt entered on August 19, 1969, amending the divorce judgment, Judge Rashid provided, on October 13, 1969, that the assets and income from the spendthrift 'trust' would be held by Bertil and

Nancy, as tenants in common, and such assets and income should be divided between those parties on an equal basis. Following this order, Bertil and Nancy filed a stipulation on October 24, 1969, agreeing that the spendthrift 'trust' established in the 1966 declaratory judgment and the 1968 amendments thereto, should be terminated, with Bertil and Nancy in the future to divide equally all moneys which were to be paid into the account.

"After a hearing on January 20, 1970 concerning plaintiff's motion to have vacated the 1966 declaratory judgment and amendments thereto, Judge Rashid delivered his judgment on April 3, 1970. He denied plaintiff Bertil's motion to terminate the spendthrift 'trust' created by the 1966 declaratory judgment as amended, vacated the order of October 13, 1969, and further provided that money paid into the 'trust' from whatever source derived would be distributable in equal parts to Bertil and Nancy. Thereafter, Judge Rashid rejected plaintiff Bertil's motion for rehearing."

It was true, as noted by the Court of Appeals, that the defendants alleged Bertil S. Fornell to be a spendthrift.

It was not true, however, that the defendants alleged Bertil S. Fornell to be a spendthrift *within the meaning of* MCLA 703.1; MSA 27.3178(201).

Neither is it true that defendants asked that Bertil S. Fornell be declared to be a spendthrift, or that the defendants prayed for the creation of a spendthrift guardianship for him.

The actual language of the defendants' counter-complaint is as follows:

"That plaintiff Bertil S. Fornell is a spendthrift, and has squandered large amounts of property received from defendant corporation and from his parents during their lifetime, to the detriment of himself, his wife, Nancy U. Fornell, and his two daughters. Defendants further allege on information and belief that said plain-

tiff is attempting to assign his interests, if any, under the instruments above referred to, in order to further squander and dissipate such interests actual and potential, to the detriment of himself, his wife and his two daughters, and that said plaintiff should be restrained from doing any act that will constitute an assignment or transfer of said plaintiff's interest under the instruments above referred to, and that a spendthrift trust should be created under decree of this court with plaintiff, Nancy U. Fornell, as Co-Trustee with a corporate fiduciary to be selected by her as the other Co-Trustee, for benefit of plaintiffs, and that all payments due under the instruments above referred to or otherwise from defendant, Fornell Equipment, Inc., should be decreed to be paid to the Trustees of such spendthrift trust, for the benefit of plaintiff, Bertil S. Fornell, his wife, Nancy U. Fornell, and his two daughters."

The prayer of defendants' counter-complaint contained the following:

"E. That said court set up by decree in this cause a spendthrift trust for benefit of plaintiff Bertil S. Fornell, his wife Nancy U. Fornell and his two children, as petitioned for in paragraph 6 of the Counter-Complaint."

## DISCUSSION

There is evident confusion in the courts below over the distinction between a spendthrift *guardianship* and a spendthrift *trust.*

A spendthrift guardianship is created by a probate court under MCLA 703.1(3); MSA 27.3178(201)(3). Under such guardianship, all of the assets of the ward come under the control of the guardian. The ward is legally unable to dispose of, pledge, or assign any of his assets. Creditors may not reach his assets, except through allowance of claims by the probate court.

A spendthrift trust is quite a different thing. It is defined as:

"In a broad sense, a spendthrift, support, or other similarly protective trust is one created to provide a fund for the maintenance of the beneficiary and at the same time to secure it against his improvidence or incapacity. In a narrower and more technical sense, a spendthrift trust is one that restrains either the voluntary or involuntary alienation by a beneficiary of his interest in the trust, or which, in other words, bars such interest from seizure in satisfaction of his debts. The name 'spendthrift trusts' is poorly descriptive, since no spendthriftiness or profligacy of a beneficiary is requisite to, or open to inquiry in determination of, the existence of such a trust." 54 Am Jur, Trusts, § 148, p 123.

It is not requisite to the creation or validity of a spendthrift trust that the beneficiary be in fact a spendthrift.

Spendthrift trusts are upheld on the theory that the donor of the trust has the right to give his property on any condition he sees fit, and the beneficiary's creditors cannot complain that the settlor did not give his bounty to them.

A person cannot, however, create a true spendthrift trust for himself. Public policy does not permit a man to place his own assets beyond the reach of his creditors. But a settlor is not precluded from transferring his own property in trust to protect himself against his own improvidence.

"Such a trust is binding on him except in so far as it is still within his power to alien or encumber it with debts, and will not be set aside as improvident because of the broadness of the discretion given to the trustee and because it is irrevocable, where its general purpose is wise and proper." 54 Am Jur, Trusts, § 166, p 135.

It is difficult to garner the intention of the

parties and of the circuit judge in the consent judgment entered March 2, 1966. There are many words, phrases and provisions which seem to exhibit an intention to create a spendthrift guardianship, as that relationship is defined in the Probate Code. The judgment expressly restrains plaintiff from assigning certain assets, including rights as a co-licensee under a patent, his interest in a pension and profit sharing trust, and his stock ownership in the defendant corporation, including dividends thereon. The judgment announces that the plaintiff is found to be a spendthrift within the meaning of the Probate Code. MCLA 703.13; MSA 27.3178(213).

The trustee is purportedly given all of the assets of the plaintiff, including those presently held and thereafter acquired. It is stated that the trustee has the power of a spendthrift guardian. These provisions all appear intended to place the plaintiff in the position of a ward.

The analysis of the decision in the Court of Appeals with respect to the subject-matter jurisdiction of a circuit court to adjudge a person to be a spendthrift and appoint a guardian for such person is quite accurate and is approved.

However, there are other indications that the parties and the circuit judge intended to create a spendthrift trust rather than a spendthrift guardianship. The fiduciary named in the judgment, City National Bank, was denominated throughout as a trustee and the judgment specifically provided that the trust would terminate upon the appointment of a guardian. Further, with respect to the court's attempt to restrain the plaintiff from assigning away or disposing of his assets, there was some independent legal ground for finding a limitation upon the plaintiff's right to make such assignment.

With respect to the shares of stock in the defendant corporation, the bylaws of the company established that the corporation would have a prior right to purchase the stock of any stockholder. To the extent that the consent judgment was merely declaratory of that limitation, it did not purport to place the plaintiff under the disability of a ward. With respect to the employee's profit sharing trust, there was an allegation in the defendants' countercomplaint that the profit sharing trust agreement itself provided that no participant therein would have a vested right or interest in the trust estate. It was further alleged that the interest of the plaintiff in the patent license was subject to an agreement that the plaintiff would not assign his interest in the license to third parties without the consent of a licensee.

It would appear, therefore, that the language of the consent judgment, which appears to place the plaintiff under the disability of a ward, is merely declaratory of existing contract provisions.

Further, the operative language of the consent judgment placing all of the plaintiff's assets in trust would vest the legal title to the stock and the patent license in the trustee and would entitle the trustee to collect the dividends and the royalties subject to disposition in accordance with the terms of the trust. It is consistent with the nature of a trust, as a separation of the legal and equitable ownership of property, that a *cestui que trust* has no legal power to dispose of assets which have been conveyed to the trustee. And that fact is not to be confused with any attempt to restrain the beneficiary's power of alienation over his beneficial interest.

With respect to the language of the judgment purporting to vest the trustee with assets of the

plaintiff acquired after the date of the consent judgment, it must be observed that such attempt was ineffectual. A conveyance in trust must operate upon an identifiable res. But the fact that the judgment was ineffective to convey to the trustee after acquired property does not prevent the judgment from being effective with respect to property then held or owned by the plaintiff and capable of being identified, including the further right to receive dividends, royalties, and the like, where the source of such funds are capable of being identified.

Further, in support of the proposition that the consent judgment, irrespective of its apparent thrust, actually created a trust and not a guardianship, is the fact that the amendment to the declaratory judgment filed November 22, 1968, provides for the paying over of all of the income from the trust on a monthly basis without reference to living expenses of the beneficiaries. This eliminated the discretion of the trustee to withhold payment of income, thereby terminating the principal aspect of the judgment which had the character of a spendthrift trust. What remained after the 1968 amendment would not even purport to be a spendthrift trust.

A second and perhaps equally important question is whether the trust created by the 1966 consent judgment, and amended in 1968, was revocable or irrevocable. Ordinarily, revocability is a question of the intention of the settlor, and further, it is within the power of a court of equity to decree a termination of a trust where the purpose for which it was created is fulfilled and all of the parties owning the entire beneficial interest are in agreement that the trust be dissolved.

But, the case before us does not present a simple

situation in which the only interests to be considered are those of the settlor and the beneficiaries. The consent judgment was entered as an amicable disposition of litigation then pending in the circuit court. It was based upon the stipulation of the parties and agreed to by all concerned. It follows that there was a valuable consideration flowing to the settlor Bertil S. Fornell in exchange for the creation of the trust.

We conclude that the trust was not intended to be revocable without the concurrence of the defendants in that cause.

The judgment of the Court of Appeals should be reversed and the cause remanded to the circuit court for further proceedings not inconsistent with this opinion.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, and M. S. COLEMAN, JJ., concurred with T. E. BRENNAN, J.

LEVIN, J., concurred in the result.

## APPENDIX

### "STIPULATION OF SETTLEMENT OF BERTIL S. FORNELL ET AL. vs. FORNELL EQUIPMENT INC. ET AL., WAYNE COUNTY CIRCUIT CIRCUIT COURT CASE NO. 46095
#### "(Filed March 2, 1966)

"1. Bertil S. Fornell to be reinstated as an employee of Fornell Equipment Inc., in lieu of agreement of July 11, 1962 heretofore terminated, with status as a consultant to be available at the office of Fornell Equipment Inc. for consultation upon reasonable notice by the officers or Board of Direc-

tors at annual salary of $12,000.00 per year begin-
ning with the year 1965. Bertil S. Fornell has been
paid $1,050.00 on such 1965 salary leaving balance
of $10,950.00 to be accrued as of 12-31-65 payable
to Bertil S. Fornell subject to social security and
income tax withholding as required by law, with
net balance to be paid as provided in paragraph 6
hereof upon consummation of this agreement in-
cluding entry of consent judgment as hereinafter
provided in paragraph 6 hereof.

"(1) Implied in this settlement are the following
factors:

"(a) The continuation of such employment is
contingent upon the continued prosperity of the
corporation, and satisfactory relationship with
Bertil S. Fornell.

"(b) That Bertil S. Fornell will make himself
available for consultation upon reasonable notice
from the company.

"(c) That Bertil S. Fornell will not engage in any
tactics to embarrass the corporation with its cus-
tomers or other employees.

"(2) That Fornell Equipment Inc. will continue
to pay the premium on life insurance policy or
policies heretofore taken out on the life of Bertil S.
Fornell in aggregate face amount of $100,000.00,
with the corporation, as the beneficiary, provided
however that:

"(a) The Trustee of the Trust to be set up as
provided in the consent judgment referred to in
paragraph 6 hereof, shall have the right at any
time, to purchase from Fornell Equipment, Inc.,
for cash or its equivalent, in an amount equal to
the aggregate amount of premiums paid by Fornell
Equipment Inc., reduced by the actual amount of
dividends on said policy, if any received by Fornell
Equipment Inc., and to change the beneficiary of

said policy to the Trustee under such Trust, or its successors in interest, if any, at the time of such purchase.

"(b) In the event that the said Trustee does not purchase such policy during the lifetime of Bertil S. Fornell, then, in such event, Fornell Equipment Inc., upon collecting the proceeds of said policy from the life insurance company issuing such policy, shall pay over to said Trustee or its successors, if any, the amount so collected by Fornell Equipment Inc. on said policy less the aggregate amount of premiums on said policy by Fornell Equipment Inc., reduced by the actual amount of dividends on said policy, if any, received by Fornell Equipment Inc.

"2. Fornell Equipment Inc. at meeting of its Board to be held promptly upon the complete execution of this stipulation, (proposed minutes of said meeting submitted herewith) adopts a policy of paying dividends, as follows:

"(a) The dividend policy of the corporation, beginning for the calendar year 1965, shall be to pay from earned surplus of the current year regular annual dividends in the aggregate amount of eighty dollars ($80.00) per share on the outstanding two hundred fifty shares of capital stock of this corporation; said regular dividend to be paid quarterly in the amount of twenty dollars ($20.00) per share of said outstanding capital stock on April 15, July 15, October 15 of each calendar year and on or before March 14 of the next succeeding calendar year for the last quarter of such current calendar year; and within seventy-five days from the end of each calendar year beginning 1965 to pay from earned surplus of such preceding calendar year after making provision for payment of income taxes and the regular dividend, to declare

and pay a special dividend of eighty dollars ($80.00) per share on the outstanding two hundred fifty (250) shares of capital stock of this corporation; provided, however, that such special dividend shall not be declared and paid if the payment thereof would, in the judgment of eighty (80%) percent of the Board of Directors, impair the capital of the corporation or be against the best interests of the corporation and/or its creditors; provided, however, in the event that the earned surplus of such preceding calendar year of the corporation, after provision for income taxes and payment of regular dividend for such preceding calendar year, is not sufficient, in the judgment of eighty (80%) percent of the Board of Directors to justify the payment of a special dividend, a special dividend in a lesser amount shall be declared and paid from the earned surplus of such preceding calendar year if in the judgment of eighty (80%) percent of the Board of Directors such special dividend is for the best interest of the corporation, and not contrary to law; and provided further that the provisions of this paragraph shall be amended only upon the unanimous affirmative vote of all of the outstanding two hundred fifty (250) shares of capital stock of this corporation.

"3. It is estimated that foregoing Items No. 1 and 2 for 1965 provide Bertil S. Fornell and Nancy U. Fornell with approximate total income from 1965 operations of Fornell Equipment Inc. as follows:

| | | |
|---|---|---:|
| "(1) | 1965 Royalties ..................... | $18,450.00 |
| "(2) | 1965 regular dividends ($80.00 on 105 shares).............. | 8,400.00 |
| "(3) | 1965 Salary (12 mo. at $1,000.00) ......................... | 12,000.00 |
| "(4) | 1965 profit sharing participation (Estimate)............. | 2,750.00 |

"(5)  1965 Special dividend
      ($80.00 on 105) ....................    8,400.00

"(6)  Total 1965 income—
      approximately.....................  $50,000.00

"In years subsequent to 1965, the items making up the above total of approximately $50,000.00, other than salary, might be larger or smaller as all such items are variable and depend upon the number of units sold for determination of royalties, and net earnings for dividends and profit sharing.

"4. The By-Laws of the Fornell Equipment Inc. to be amended to provide that existing salaries of stockholder-officers cannot be increased to an amount in excess of existing salaries without unanimous consent of the members of the Board of Directors, present and voting at a special meeting of the Board called with notice as provided by the by-laws, setting forth the fact that such proposed increase of salaries of stockholder-officers is to be considered, and further that present salaries of stockholder-officers may be decreased if the condition of the business requires such action in the opinion of a majority of the Board of Directors, and in the event of any such decrease of salaries and subsequent improvement of the condition of the business, such salaries as are so reduced may be increased to present levels, but not in excess thereof without unanimous vote of the Board voting as above set forth.

"[NOTE: Present salaries of stockholder-officers was established at 1965 annual meeting of stockholders and Board, held on September 21, 1965—

"(1) President and General Manager—
      Richard G. Lowe, $48,000.00 effective 4-1-65

"(2) Vice President—
Margit E. Lowe, effective 4-1-65—$15,000.00

"(3) Treasurer—
Margit E. Lowe, effective 4-1-65—$18,600.00]

"5. Beginning for year 1965 and annually thereafter Fornell Equipment Inc. to have a certified audit prepared by Berkey & Laws, Certified Public Accountants, with copies of such certified audit to be furnished to Bertil S. Fornell and Nancy U. Fornell as minority stockholders.

"6. Parties to Wayne Circuit Court case No. 46095 entitled *Bertil S. Fornell et al v Fornell Equipment Inc. et al.,* to sign the form of consent judgment heretofore submitted, or as it may be modified to extent required by mutual consent to affect this settlement so as to create a Trust, in which City National Bank of Detroit, a national banking association, is Trustee. All funds payable and to become payable by Fornell Equipment Inc. to Bertil S. Fornell individually or to Bertil S. Fornell and Nancy U. Fornell as stockholders of Fornell Equipment Inc. are to be paid to said Trustee by Fornell Equipment Inc.

"7. In Probate case No. 545025 (Estate of David E. Fornell) all parties in interest to sign stipulation for entry of an order striking from the files and records in said case the purported election of Gertrude K. Fornell, widow of David E. Fornell, to take against the will of David E. Fornell.

"8. In Wayne County Michigan Circuit Court case No. 56210 (Certification of Will contest in Estate of Gertrude K. Fornell) all parties in interest to sign stipulation for entry of an order providing:

"(1) That the purported Will and first Codicil to the Will of Gertrude K. Fornell as submitted for probate be admitted to probate.

"9. That in administering the estate of Gertrude K. Fornell the amount of funds and property transferred by Gertrude K. Fornell subsequent to death of David E. Fornell in excess of her personal expenses, hospital bills and funeral expenses be set up as accounts receivable from Bertil S. Fornell and Nancy U. Fornell, as assets of Estate of Gertrude K. Fornell.

"[NOTE: At the time of death of David E. Fornell, Gertrude K. Fornell held among other things assets as follows:

| | |
|---|---:|
| "(1) David E. Fornell (life insurance proceeds) ......................... | $10,000.00 |
| "(2) Survivor's interest in joint bank acct. (approx.) .................... | 14,000.00 |
| "(3) Savings Bank account............... | 4,500.00 |
| "Sub-total ..................... | $28,500.00 |
| "(4) Corporation stocks (approx. value) .... | 3,900.00 |
| "(5) Beneficial interest in accumulated profit sharing fund—(Approx.) ...... | 20,000.00 |
| "Total in Michigan.............. | $52,400.00 |
| "(6) Survivor's interest in jointly held real estate in Florida (cost) ........ | 30,000.00 |
| "(7) Grand Total ...................... | $82,400.00] |

"In the inventory of the Estate of Gertrude K. Fornell of the items No. (1) through (3) in Michigan, cash in total amount of $28,500.00, only $11,-415.18 is shown, leaving $17,084.82 of liquid assets not accounted for by Bertil S. Fornell and Nancy U. Fornell who had charge of the affairs of Gertrude K. Fornell during said period.

"Rice & Rice
"Attorneys for Bertil S. Fornell
and Nancy U. Fornell et al.
"By: /s/ Howard Rice

"Wurzer, Higgins & Starrs
"Attorneys for Fornell Equipment,
Inc. et al.
"By: /s/ John T. Higgins
"Dated: February 28, 1966"

"DECLARATORY JUDGMENT
"(By Consent of the Parties)
"(Filed March 2, 1966)

"At a session of said Court held in the City-County Building, Detroit, Michigan, on March 2, 1966.

"Present: Honorable Joseph G. Rashid, Judge of Wayne County Court.

"There having come on to be heard the Order issued in this cause on November 12, 1965, requiring plaintiffs to show cause, if any there be, why Declaratory Judgment should not be entered in said cause as petitioned for by defendants in their Counter-Complaint, and the parties appearing by their respective attorneys of record, and having consented on the record to entry of Declaratory Judgment, as petitioned for by defendants in their Counter-Complaint, and the court being advised in the premises,

"It is ordered, adjudged and decreed as follows:

"1. That plaintiff, Bertil S. Fornell, as Co-Licensor under patent royalty agreements of January 29, 1960 and December 7, 1960, with defendant Fornell Equipment Inc., as licensee, does not have the right to pledge, assign or transfer to any person any of his rights under said royalty agreements, without the written approval of defendant, Fornell Equipment Inc., a Michigan corporation; and said Bertil S. Fornell is hereby permanently restrained from pledging, assigning or transferring

his rights, or any part thereof, as co-licensor under said patent royalty agreements, without the prior written permission of defendant Fornell Equipment Inc. first being obtained.

"2. That plaintiff Bertil S. Fornell as a participating employee or as a retired employee or otherwise, under the Fornell Equipment Inc. 'Employees Profit Sharing Trust' dated December 22, 1959, has no right to assign, pledge or transfer, to any person, his existing interest in the accumulated profit sharing fund held by the Trustee under said agreement; and it is further ordered that Bertil S. Fornell be and he is hereby restrained from attempting to so assign, pledge or transfer any of said rights or interest under said 'Employees Profit Sharing Trust.'

"3. That plaintiffs Bertil S. Fornell and Nancy U. Fornell, his wife, have no right to assign, pledge or transfer the certificates of capital stock or dividends thereon of defendant Fornell Equipment Inc., evidencing their ownership of such capital stock as joint tenants with right of survivorship, as an estate by the entireties, so as to change such ownership by them of said stock or to otherwise dispose of such capital stock or any part thereof without compliance with the provisions of Article V, Section 7 of the By-Laws of defendant Fornell Equipment Inc., and it is further ordered that said plaintiffs be and they are hereby restrained from so assigning, pledging or transferring such capital stock or dividends thereon or changing the status quo ownership of such stock held by them.

"4. It is further ordered, adjudged and decreed that plaintiff Bertil S. Fornell is a spendthrift, within the meaning of that term as it is used in the statutes of the State of Michigan relating to conserving the property of spendthrifts, and in

order to preserve the property of said plaintiff for the benefit of said plaintiff himself, his daughter, Kristin Fornell, and plaintiff Nancy U. Fornell, his wife, it is further ordered and adjudged that City National Bank of Detroit, a national banking association, be and it is hereby appointed Trustee of all of the assets of Bertil S. Fornell of every kind and nature presently held by him or hereinafter acquired by or for him, including but not limited to the following:

"(1) Dividends received on any corporate stock held in the name of Bertil S. Fornell, individually, or held jointly with Nancy U. Fornell, his wife, with full power in said Trustee to endorse for deposit in the Trustee's bank account for benefit of Bertil S. Fornell any dividend checks made out to Bertil S. Fornell or to Bertil S. Fornell and Nancy U. Fornell, his wife, as joint tenants with right of survivorship;

"(2) All amounts payable and to become payable to Bertil S. Fornell by defendant Fornell Equipment Inc., as royalties under patent license agreements, compensation, commissions, bonuses, consulting fees, or in any other form of remuneration;

"(3) All amounts or benefits as they become due and payable to Bertil S. Fornell pursuant to the provisions of the 'Employees Profit Sharing Trust' agreement of December 22, 1959, of defendant Fornell Equipment Inc.;

"(4) All assets assigned to Bertil S. Fornell by order assigning residue upon entry thereof in the Estate of Gertrude K. Fornell, in process of probate in Probate Court for Wayne County, Michigan.

"(5) The proceeds of any life or term insurance policies on the life of Bertil S. Fornell, and owned by Bertil S. Fornell, which may become payable to

him or to his estate during his lifetime, or upon the death of Bertil S. Fornell.

"5. It is further ordered and decreed that City National Bank of Detroit, a national banking association, as Trustee of the assets of plaintiff, Bertil S. Fornell, is hereby vested with all of the powers and duties of a statutory Guardian for a Spendthrift under the laws of the State of Michigan, including but not limited to investing and reinvesting the assets coming into its possession as such Trustee, in accordance with the Trustees Investment Statutes of the State of Michigan.

"(1) It is further ordered and decreed that upon receipt of funds by said Trustee, whether income or principal, that said Trustee shall pay from such funds to Nancy U. Fornell in her individual capacity two-thirds of the income received for the maintenance and support of herself, Nancy U. Fornell, and their daughter, Kristin Fornell, and said Trustee shall pay one-third of such income to or for the benefit of Bertil S. Fornell; said payments to be made on or about the first day of each month beginning March 2nd, 1966, and shall continue for a period of six months to August 1, 1966, as of which later date, said Trustee shall file a report with the court of all income and principal received to August 1, 1966, as well as projected income for balance of 1966 and disbursements to and from such trust account, along with a statement of the ordinary, normal living expenses of Bertil S. Fornell and his wife, Nancy U. Fornell, and their daughter, Kristin Fornell, and a petition to the court for such adjustment of the aforesaid allocation of monthly payment of income for living expenses to be made to Nancy U. Fornell as may be reasonably necessary, considering the projected annual income to be received by said Trustee.

"(2) It is recognized that Bertil S. Fornell and Nancy U. Fornell have by private agreement with City National Bank of Detroit agreed what living expenses are chargeable to each of their shares of the income to be paid to them as provided in foregoing sub-paragraph (1).

"6. It is further adjudged that payments made by defendant, Fornell Equipment Inc., a Michigan corporation, to said Trustee, of amounts due Bertil S. Fornell as such amounts accrue, for royalties under patent-license agreements, or for compensation, commissions, bonuses, consulting fees or any other form of remuneration, or as to dividends on capital stock of Fornell Equipment Inc., held in the names of Bertil S. Fornell and Nancy U. Fornell, his wife, as an estate by the entireties, shall constitute complete payment by Fornell Equipment Inc. of such funds respectively to Bertil S. Fornell and/or Nancy U. Fornell.

"7. In the event that said Trustee or any other persons are appointed for any reason as Guardians of the person and/or of the estate of said Bertil S. Fornell, by a Probate Court in the State of Michigan, then, in such event, the Trust created under this decree shall terminate as of the date of appointment of such Guardians and, in such event, the Trustee hereunder shall render an accounting of its Trusteeship to the court, and upon approval of such accounting by this court, the residue of such Trust shall be delivered to such duly appointed and qualified Guardians of the person and/or estate of Bertil S. Fornell.

"8. It is further decreed that jurisdiction is retained by this court for amending or modifying this judgment, upon petition of any party hereto or other party in interest, for purpose of making effective and reasonable, the restraints imposed

upon Bertil S. Fornell as a spendthrift, for benefit of himself, his wife and his daughter.

"9. This judgment being by consent of all parties, no costs shall be taxed.

                    "Joseph G. Rashid
                    "Judge of Wayne Circuit Court

"Consent of the parties and their respective attorneys of foregoing decree

"The entry of the foregoing decree is hereby approved, this 1st day of March 1966.

"Plaintiffs:

"/s/ Bertil S. Fornell (L.S.)

"/s/ Nancy U. Fornell (L.S.)

"/s/ Howard T. Rice (L.S.)
   Attorney for Plaintiffs

"Defendants:

"Fornell Equipment Inc.

"By: /s/ Richard G. Lowe (L.S.)
   President, and

"By /s/ Margit E. Lowe (L.S.)
   Treasurer

"/s/ Richard G. Lowe (L.S.)

"Wurzer, Higgins & Starrs
   Attorney for Defendants

"/s/ Margit E. Lowe (L.S.)

"By: /s/ John T. Higgins (L.S.)"


                "AMENDED DECLARATORY JUDGMENT

                    "(Filed November 22, 1968)


"At a session of said Court, held in the City-County Building, Detroit, Michigan, on the 22nd day of November, 1968.

"Present: Honorable Joseph C. Rashid, Circuit Judge.

"Upon presentation to this Court of this proposed Amended Declaratory Judgment which has received the written approvals and consents of the parties, or their respective counsel at the end of the body of this judgment, and the Court being fully advised in the premises.

"It is Ordered and Adjudged as follows:

"A. The Declaratory Judgment heretofore rendered on March 2, 1966 is hereby amended.

"B. The Plaintiffs herein were divorced from each other by judgment of the Oakland County, Michigan Circuit Court, Case No. 67-31977; that said Judgment of Divorce changes the rights and obligations of the respective Plaintiffs to each other in regard to the provisions of paragraph 5(1) and (2) of the Wayne Circuit Court consent judgment of March 2, 1966, and the parties were ordered, under penalty of contempt, to petition the Wayne County Circuit Court for an amendment to the Consent Judgment of March 2, 1966, reflecting and incorporating changes made by the terms of the Judgment of Divorce entered in Oakland County in regard to the provisions of paragraph 5(1) and (2) of the Wayne Circuit Court Consent Judgment of March 2, 1966.

"C. 1. Paragraph 5(1) and (2) of the Wayne County Declaratory Judgment is deleted in toto and the following substituted in lieu thereof:

" '5(1)

" '(a) The income from said trust, shall, beginning December 1, 1967, or as soon thereafter as Trustee can institute such changes, and continuing thereafter for the lifetime of Bertil S. Fornell, be paid and promptly distributed monthly, one-third (1/3rd) to Bertil S. Fornell, for his own use and benefit, one-third (1/3rd) to Nancy U. Fornell, for her own use and benefit, one third (1/3rd) to

Nancy U. Fornell, through the offices of the Friend of the Court for Oakland County, Michigan, for the use, benefit, support, maintenance and education of Kristin Fornell, daughter of the Plaintiffs herein, said payments to continue until the said Kristin Fornell shall have completed four years of high school and four years of full time attendance at an accredited college or university of higher learning.

" '(b) Upon completion of the conditions or the occurrences provided in the paragraph (a) next above, and in any event, not later than July 1, 1974, all income from said trust shall be distributed between the parties Plaintiff, to-wit: Bertil S. Fornell and Nancy U. Fornell on an equal basis.

" '(c) Each of the Plaintiffs, Bertil S. Fornell and Nancy U. Fornell, shall be responsible for his or her own State and Federal Income Tax liabilities and the Trustee shall not withhold any sums with which to pay such taxes nor shall the Trustee be required or authorized to pay any such liabilities in the absence of an express written direction to so do, signed by the party to be affected.'

"2. Paragraph 5(2) of the Declaratory Judgment is hereby cancelled and held for naught and the Trustee's obligations for disbursements shall be limited to those recited in the Judgment of Divorce and paragraph (1) above.

"3. Paragraph 7 of the Declaratory Judgment is hereby cancelled, deleted and of no further force and effect and the following substituted in lieu thereof:

" '7.

" 'The appointment of a guardian, trustee, receiver or any type of fiduciary of the person or estate of either Bertil S. Fornell or Nancy U. Fornell shall have no effect whatsoever upon nor

shall the same terminate this trust and this trust shall endure for the lifetime of Bertil S. Fornell or July 1, 1974, whichever shall later occur. Upon termination of the trust, all assets, income and corpus shall be paid and distributed equally to Bertil S. Fornell and Nancy U. Fornell or to the survivor of them.'

"D. Except as provided herein, the terms and conditions of the Declaratory Judgment are hereby ratified and confirmed.

"E. The private agreement of February 28, 1966, a copy of which is attached hereto, is hereby amended as provided herein.

"F. The Trustee may, in its sole discretion, purchase and hold as an asset of the trust estate a certain life insurance policy on the life of Bertil S. Fornell from the Fornell Equipment Company, referred to in paragraphs 1(2) and 1(2a) of the Stipulation of Settlement, executed by these parties on February 28, 1966. In the event the Trustee elects to so purchase, it may, in its discretion, apply either income and/or principal towards such purchase. In the event the Trustee shall elect not to so purchase the policy within sixty (60) days after the final distribution of the assets of the Estate of Gertrude K. Fornell, after allowance of the final account in said estate by the Probate Court for Wayne County, Michigan, Case No. 548-787, then, in such event the Fornell Equipment, Inc. may cash in such policy and retain from the proceeds thereof an amount equal to the total premiums paid by said company to the date of surrender on said policy and shall pay over to the Trustee all proceeds in excess of such premiums so paid.

"G. The Trustee is hereby ordered to pay to Jeptha W. Schureman and to J. W. Hutson the

attorney fees awarded them by the Oakland County Circuit Court Judgment of Divorce, No. 67-31977, in the amounts of Five Thousand ($5,000.00) Dollars to each, such payments to be made from any funds in the trust first available for this purpose.

"H. The Trustee is hereby ordered to file with this Court, within sixty (60) days, an accounting of its doings from the date of its appointment to the most recent convenient date, with copies to be provided to all attorneys of record and parties in interest; further, that it shall likewise file an annual account.

"Joseph G. Rashid
Circuit Judge

"Approved for Entry:

"Wurzer, Higgins and Starrs
for all Defendants

"Matheny, Schureman and Frakes
for Bertil S. Fornell

"J. W. Hutson
for Nancy U. Fornell"