*In re* EDGAR ESTATE

ROY v THE DETROIT BANK & TRUST COMPANY

Docket No. 63973. Submitted January 3, 1984, at Detroit.—Decided
September 17, 1984. Leave to appeal applied for.

Clinton Goodloe Edgar had two children, Kathryn Edgar Byron
and James Edgar. His testamentary trust provides that the
income generated by the trust is to be equally divided by the
two branches of the family—the Byron branch and the Edgar
branch. The period of the trust is for the lives of his wife,
Mary, his son, James, and three grandsons, the sons of Ka-
thryn. Upon the death of the last-named measuring life, the
trust expires and the corpus is to be divided between the two
families, one-half to the issue of James Edgar and one-half to
the issue of Kathryn Edgar Byron, *per stirpes.* Mary Edgar,
James Edgar and one of the Byron grandsons named by the
testator are deceased. The other two Byron grandsons are alive.
James Edgar left one son, William H. Edgar. William Edgar, as
sole representative of the Edgar branch in his generation,
receives one-half of the trust income. He will receive half the
trust corpus when the trust terminates upon the death of the
two Byron grandsons. If he dies before the Byron grandsons,
that half of the corpus passes to any other living issue of his
father. The trust language provides that no beneficiary has title
or interest in the trust income or corpus until the beneficiary is
in possession of the interest. The Edgar trust also contains a
spendthrift clause which restrains the alienability of the in-
come and corpus and which states that neither the income nor
the corpus interest of the beneficiaries is liable to claims of
creditors of the beneficiaries. William Edgar filed for bank-
ruptcy in Florida in 1978. The trustee in bankruptcy, Lansing
J. Roy, filed a petition in the Wayne Probate Court to invali-
date the spendthrift provisions of the trust. The probate court,
Joseph J. Pernich, J., granted summary judgment for The

REFERENCES FOR POINTS IN HEADNOTES
[1] 9 Am Jur 2d, Bankruptcy §§ 24, 243, 302 *et seq.*
[2, 3] 76 Am Jur 2d, Trusts § 153 *et seq.*
Validity of spendthrift trusts. 34 ALR2d 1335.

Detroit Bank & Trust Company, trustee under the will of Clinton G. Edgar. The trustee in bankruptcy appealed. *Held:*

A spendthrift trust involves a gift of only trust income to a donee. The donee takes no estate, has nothing to alienate, has no right to possession of or beneficial interest to any of the trust corpus, but has only a qualified right to support and an equitable interest in the income. Under the terms of the trust, William H. Edgar has an interest in both the income and in the corpus of the trust. Therefore, the spendthrift provisions are invalid as to him.

Reversed.

1. BANKRUPTCY — EXEMPT PROPERTY — CHOICE OF LAWS.

Federal bankruptcy law defers to the state in determining what property is exempt from the estate of the bankrupt.

2. TRUSTS — FUTURE INTERESTS — ALIENABILITY.

*Expectant interests, whether vested or not, are alienable absent a valid restraint* (MCL 554.8, 554.35; MSA 26.8, 26.35).

3. TRUSTS — SPENDTHRIFT TRUSTS.

*A spendthrift trust involves a gift of only trust income to a donee; the donee takes no estate, has nothing to alienate, has no right to possession of or beneficial interest to any of the trust corpus, but has only a qualified right to support and an equitable interest in the income; the legal title of the corpus must be vested in a trustee, and the trust must be active.*

*Frank X. Fortescue, P.C.* (by *Frank X. Fortescue*), for petitioner Lansing J. Roy.

*Donovan, Hammond, Ziegelman, Roach & Sotiroff, P.C.* (by *Frank W. Donovan* and *Thomas E. Reiss*), and *Butzel, Long, Gust, Klein & Van Zile, P.C.* (by *Donald B. Miller*), for respondent The Detroit Bank & Trust Company.

Before: CYNAR, P.J., and GRIBBS and M. R. KNOBLOCK,* JJ.

GRIBBS, J. William H. Edgar is the beneficiary of a testamentary spendthrift trust set up by his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

deceased grandfather, Clinton Goodloe Edgar. Petitioner, Lansing J. Roy, is a trustee in bankruptcy for the estate of William H. Edgar. Roy filed a petition in the Wayne County Probate Court seeking to invalidate the spendthrift trust. The probate court ruled the spendthrift provisions valid and granted summary judgment to respondent The Detroit Bank & Trust Company. Petitioner appeals, contending that a spendthrift trust giving both income and corpus to the same beneficiary is invalid, and thus subject to attachment in bankruptcy. We agree and reverse the decision of the probate court.

## FACTS

Clinton Goodloe Edgar had two children, Kathryn Edgar Byron and James Edgar. His testamentary trust provides that the income generated by the trust is to be equally divided by the two branches of the family—the Byron branch and the Edgar branch. The period of the trust is for the lives of his wife, Mary, his son, James, and three grandsons, the sons of Kathryn. Upon the death of the last-named "measuring life", the trust expires and the corpus is to be divided between the two families, one-half to the issue of James Edgar and one-half to the issue of Kathryn Edgar Byron, *per stirpes.*

Mary Edgar, James Edgar and one of the Byron grandsons named by the testator are deceased. The other two Byron grandsons are alive. James Edgar left one son, William H. Edgar, whose interest in the trust is the subject of this suit. William H. Edgar, as sole representative of the Edgar branch in his generation, receives one-half of the trust income. He will receive half the trust corpus when the trust terminates upon the death of the two

Byron grandsons. If he dies before the Byron grandsons, that half of the corpus passes to any other living issue of his father.

The trust language provides that no beneficiary has title or interest in the trust income or corpus until the beneficiary is in possession of the interest. The Edgar trust also contains a spendthrift clause which restrains the alienability of the income and corpus and which states that neither the income nor the corpus interest of the beneficiaries is liable to claims of creditors of the beneficiaries.

William H. Edgar filed for bankruptcy in Florida in 1978. While the present action was pending in the Wayne County Probate Court, the United States Bankruptcy Court for the Northern District of Florida ruled that, due to the spendthrift provision, William, H. Edgar's anticipatory interest in the trust income was not available to the bankruptcy trustee. The court allowed attachment of income which had already been distributed to William H. Edgar.

The probate court reached the same conclusion and granted summary judgment in favor of respondent.

## DISCUSSION

Under the former Bankruptcy Act, § 70a(5), applicable to this case, nonexempt alienable property is subject to attachment in bankruptcy.[1] Property

[1] Section 70(a)(5) of the former Bankruptcy Act, 11 USC 110(a)(5), reads as follows:

"The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * * (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or

held under a valid spendthrift trust is generally exempt. *First Northwestern Trust Co of South Dakota v Internal Revenue Service,* 622 F2d 387 (CA 8, 1980). Federal bankruptcy law defers to the state in determining what property is exempt from the estate of a bankrupt. *First Northwestern Trust Co, supra.*

In Michigan, a valid spendthrift trust restricts the alienability of property in the trust and immunizes it from the claims of creditors. *Rose v Southern Michigan National Bank,* 255 Mich 275; 238 NW 284 (1931); *Preminger v Union Bank & Trust Co, N A,* 54 Mich App 361; 220 NW2d 795 (1974). A spendthrift provision restricting the trust income is valid. *Rose, supra,* p 281. A spendthrift restraint on the beneficiary of trust corpus alone is also valid. *Preminger, supra,* p 366-368. The precise question on appeal, however, is whether under Michigan law a valid spendthrift trust may be created which gives the trust income and corpus to the *same* beneficiary. Before addressing this issue, we must ascertain whether William H. Edgar has an interest in both the Edgar trust income and trust corpus which would be alienable (and thus subject to attachment in bankruptcy) absent the spendthrift clause.

There is no question that William H. Edgar is an income beneficiary. As sole representative of the Edgar branch in his generation, he receives one-half of the trust income. Only the spendthrift provision restricts the alienability of his interest in the future distribution of income.

William H. Edgar will also receive one-half of the trust corpus when the trust expires upon the death of the Byron grandsons. In other words, he

which might have been levied upon and sold under judicial process against him or otherwise seized, impounded, or sequestered * * *."

has a future interest in the corpus. MCL 554.10; MSA 26.10; *City of Holland v Fillmore Twp,* 363 Mich 38, 44-45; 108 NW2d 840 (1961).[2] Whether his future interest is vested subject to defeasance by his nonsurvival or is an interest contingent upon his survival until the termination of the trust is not important. See *In re Jamieson Estate,* 374 Mich 231; 132 NW2d 1 (1965); *Horton v Moore,* 110 F2d 189 (CA 6, 1940), *cert den* 311 US 692; 61 S Ct 75; 85 L Ed 448 (1940), *reh den* 311 US 728; 61 S Ct 173; 85 L Ed 474 (1940). Both types of expectant interests are alienable absent a valid restraint. MCL 554.8; MSA 26.8, MCL 554.35; MSA 26.35.

Having ascertained that William H. Edgar is both an income and corpus beneficiary of the spendthrift trust, the question becomes whether such a trust is valid. The Michigan Supreme Court set out the following prerequisites for a spendthrift trust:

"In order to create a spendthrift trust certain prerequisites must be observed, to-wit: *first, the gift to the donee must be only of the income.* He must take no estate whatever, have nothing to alienate, have no right to possession, have no beneficial interest in the land, but only a qualified right to support, and an equitable interest only in the income; second, the legal title must be vested in a trustee; third, the trust must be an active one." (Emphasis added.) *Rose, supra,* p 281, citing *Kessner v Phillips,* 189 Mo 515; 88 SW 66 (1905).

See also *In re Ford's Estate,* 331 Mich 220; 49 NW2d 154 (1951); *Preminger, supra; Coverston v*

---

[2] Although the statutory provisions are couched in realty terms, "the rules governing future interests in real and personal property are substantially the same". *In re Coots' Estate,* 253 Mich 208, 214; 234 NW 141 (1931), *cert den sub nom Delbridge v Oldfield,* 284 US 665; 52 S Ct 42; 76 L Ed 563 (1931).

*Kellogg,* 136 Mich App 504 *(1984); Hurley v Hurley,* 107 Mich App 249; 309 NW2d 225 (1981), *lv den* 413 Mich 890 (1982).

Under the plain meaning of the *Kessner* "income only" language adopted in *Rose, supra,* the spendthrift provisions of the Edgar trust are invalid. William H. Edgar has both an interest in the income *and* an interest in the corpus of the spendthrift trust.

The Supreme Court's subsequent holding in *In re Ford's Estate,* 331 Mich 220; 49 NW2d 154 (1951), further supports this interpretation. After applying the *Kessner* "income only" definition, the *Ford* Court found that the beneficiary of the Ford trust has a vested interest in both the income and corpus and found the spendthrift trust invalid. *Ford, supra,* pp 229-230; but see *Taylor v Richards,* 153 Mich 667; 117 NW 208 (1908).

This Court in *Preminger* also recognized that "[t]he decisions in *Rose, supra,* and *Ford, supra,* appear to prevent an income beneficiary from having a right to principal as well as income". *Preminger, supra,* pp 367-368. In *Preminger,* the Court upheld a spendthrift trust where the income beneficiaries were *not* the same as the beneficiaries of the corpus.

We distinguish *Fornell v Fornell Equipment, Inc,* 390 Mich 540; 213 NW2d 172 (1973), which the trial court relied upon, and which respondent contends redefines the spendthrift trust in Michigan. In *Fornell,* the Court distinguished between a spendthrift trust and a spendthrift guardianship. In deciding that the arrangement at issue was a guardianship, the Court quoted the following definition of a spendthrift trust:

" 'In a broad sense, a spendthrift, support, or other

similarly protective trust is one created to provide a
fund for the maintenance of the beneficiary and at the
same time to secure it against his improvidence or
incapacity. In a narrower and more technical sense, a
spendthrift trust is one that restrains either the volun-
tary or involuntary alienation by a beneficiary of his
interest in the trust, or which, in other words, bars
such interest from seizure in satisfaction of his debts.
The name 'spendthrift trusts' is poorly descriptive,
since no spendthriftiness or profligacy of a beneficiary is
requisite to, or open to inquiry in determination of, the
existence of such a trust.' 54 Am Jur, Trusts, § 148, p
123." *Fornell, supra,* p 548.

The Court in *Fornell* was concerned with the
purpose of a spendthrift guardianship. In contrast,
the Court in *Rose, supra,* was concerned with the
prerequisites for a valid spendthrift trust. Al-
though the general spendthrift trust language in
*Fornell* is broader, nothing in this defintion neces-
sarily conflicts with or suggests that the *Kessner*
definition adopted in *Rose* and *Ford, supra,* was
being abandoned.

The trial court also declined to find the spend-
thrift provisions invalid under the *Kessner* lan-
guage by finding that during the trust William H.
Edgar had no beneficial interest in the trust and
no right of possession, enjoyment, control or title
to the trust. We disagree. The terms of the trust
provided that legal and equitable title vested in
the trustee and that no beneficiary had an interest
until actually received of trust corpus or income.
However, express trusts are created precisely for
the beneficial enjoyment or interest of a person.
MCL 555.11; MSA 26.61. *Frost v Frost,* 165 Mich
591, 595; 131 NW 60 (1911). Clearly, William H.
Edgar had a beneficial interest in the trust in-
come; that is the nature of a trust, *Frost, supra.*
As discussed previously, he also had a future

interest in the corpus which he could alienate regardless of the postponement of his possession. Under the *Kessner* language, adopted in *Rose, supra,* the beneficiary of a spendthrift trust must have "nothing to alienate \* \* \* no beneficial interest in the [corpus]". In the Edgar trust, William H. Edgar had an alienable interest in the corpus, contrary to the prohibition in *Rose, supra.*

We recognize that the weight of authority from other jurisdictions runs contrary to the law in Michigan. According to 76 Am Jur 2d, Trusts, § 152, p 393:

"While instruments creating spendthrift or similar protective trusts frequently leave the corpus of the trust to the beneficiaries after the termination of the trust, the question of the effect of such a provision upon the validity of the trust has been raised in only a few caes. In most instances, it is the view that the mere fact that the spendthrift or his heirs take the corpus at the termination of the trust does not render it invalid."

Furthermore, a number of jurisdictions have upheld trusts containing specific restraints on income and corpus payable to the same beneficiary. See, *e.g., Erickson v Erickson,* 197 Minn 71; 266 NW 161 (1936), *reh den* 197 Minn 79; 267 NW 426 (1936); *Medwedeff v Fisher,* 179 Md 192; 17 A2d 141 (1941); *Snyder v O'Conner,* 102 Colo 567; 81 P2d 773 (1938).

We also find no overriding public policy reason for precluding the creation of a spendthrift trust giving both income and corpus to the same beneficiary. Spendthrift trusts are upheld when the income and corpus go to two different beneficiares. The result mandated by *Rose* and *Ford, supra,* in this case is predicated on a technical, not substantive, distinction.

The apparent holdings of *Rose* and *Ford, supra,* may defeat the intentions of settlors of spendthrift trusts. Settlors may wish to create trusts to provide benefits in both income and corpus to their descendants. Under current Michigan law a settlor may not, for example, create a spendthrift trust giving income to a child in which the corpus is paid over to the child at a specified age, even though he could do so using a nonspendthrift trust.

Regardless of the wisdom of this result, we are constrained to follow *Rose* and *Ford, supra,* until the Michigan Supreme Court re-examines the language in those decisions. The current law in Michigan prevents the creation of a spendthrift trust in which the same person holds an interest in both income and corpus. The Edgar spendthrift trust provisions are invalid as to William H. Edgar.

Reversed.